| 112 | 659 |
| f132 | 323 |
| 112 | 659 |
| 137 | 595 |
| 112 | 659 |
| f140 | 143 |
| 142 | 492 |

---

THE DELMONICA HOTEL COMPANY, Appellee, v. DR. C. W. SMITH, Appellant.

**Forcible Entry and Detainer:** ISSUES: *Evidence.* In forcible entry and detainer, where the controversy arose over the title to a narrow strip of land between the lots, testimony as to the true line between the lots was properly rejected, since the issue did not directly involve the true title or the right of possession, but concerned merely the actual possession.

SAME. Where one sued the owner of an adjoining lot for forcible entry and detainer of a narrow strip of ground between their lots, the title to which was in dispute, evidence as to the use of the fence erected thereon many years before was immaterial.

**Urging Jury to Agree:** INSTRUCTION HELD PROPER. Where a jury had been deliberating for more than thirty-six hours, an

(659)

*instruction that the case must be determined by some jury on the same pleadings and evidence; that a disagreement would only add to the burden to the unsuccessful party; and that it should again retire for deliberation, and try to arrive at a verdict, was not erroneous.*

Appeal: FAILURE TO EXCEPT TO CHARGE. Where no exceptions were taken to instructions when given or in the motion for a new trial, assignment of error as to them will not be considered on appeal.

REFUSAL OF INSTRUCTIONS: *Waiver.* Where an appellant excepted to instructions given, but was content to subsequently accept them as law, he could not, on appeal, claim error for the court's refusal to give instructions asked by him in conflict therewith.

*Appeal from Jackson District Court.*—HON. J W. BOLLINGER, Judge.

TUESDAY, JANUARY 15, 1901.

ACTION of forcible entry and detainer. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*D. T. Bauman* and *Hayes & Schuyler* for appellant.

*D. A. Fletcher* for appellee.

DEEMER, J.—The controversy is over the possession of a strip of land about three feet wide between two lots in the city of Maquoketa, one of which is owned by plaintiff, and the other by defendant's lessor. Plaintiff contends that it has been in the peaceable occupation and possession of this strip for many years, and that defendant forcibly entered into the possession thereof, and unlawfully detained the same, when this action was commenced. The defendant denies plaintiff's prior occupancy and possession, and pleads his own possession, and title in his lessor. At the trial in the district court, the jury was instructed that plaintiff must establish

its actual possession of the land prior to June 27, 1898, and that the defendant entered upon such possession by force, and continued in such possession down to the commencement of this suit.   The jury was also instructed as to what would constitute actual possession, and, as the evidence established without conflict that defendant forcibly entered upon and took possession of this strip, the jury was further instructed that this element of plaintiff's case was properly made out. In answer to a special interrogatory, the jury found that plaintiff was in possession of the strip prior to the time that defendant forcibly took possession thereof.   Complaint is made of the instructions, but, as no exceptions were taken at the time they were given or in the motion for a new trial, this complaint cannot be considered.   After the case was appealed, defendant filed a motion in the district court to correct the record so as to show that exceptions were taken to the instructions.   This motion was overruled.   An additional abstract, showing the record made on this motion and an appeal from the ruling, is also filed, but, as no argument is made by appellant on the supposed error of the court denying the motion, we do not think it necessary to consider the appeal.   If considered, no error appears in the ruling.   The case was heard on evidence adduced before the trial court, which was conflicting, and we will not interfere.

The instructions, then, must be treated as the law of the case, and, as there is abundant evidence to support a verdict based thereon, we may only review the action of the trial court on the admission and rejection of evidence, and in denying defendant's requests for instructions. With reference to these requests, it may be said that as appellant did not except to the instructions given, but was content to accept them as the law, he cannot now be heard to say that the court erred in refusing to give instructions asked by him in conflict therewith.

The second instruction asked was given in terms by the court in its charge.   Others, which related to plaintiff's prior

possession and occupancy, in so far as they stated rules in harmony with the charge, were in fact given, and still others that announced incorrect principles of the law were properly refused. To set out all these instructions would serve no useful purpose, and we conclude by saying that the question of plaintiff's prior possession and occupancy was submitted to the jury under proper instructions. The whole case was made to turn on this instruction, which was given at defendant's request: "As between two parties struggling for the possession, neither can maintain this action until he has acquired an actual possession, which has ripened into a peaceful occupation."

Before going into the rulings on evidence, it is well to state the nature of this kind of action. Title is not involved, except incidentally, for the purpose of showing the extent of the possession, where there is no apparent actual possession of a part of the premises. Nor is the right of possession, involved, since the injury is limited to the actual peaceable possession of the plaintiff, and the forcible entry and unlawful detainer of the defendant. As said in *Emsley v. Bennett*, 37 Iowa, 15: "In this action the question of title or right of possession is not involved and cannot be tried. The facts of actual possession by the plaintiff, and an entry by force, fraud, or stealth, or an unlawful detainer by the defendant, are the only ones to be determined, and they alone are the matters in issue, irrespective of the ownership or right of possession. * * * It is the fact of possession alone that is material. A person may render himself liable to an action of forcible entry and detainer by entering upon his own premises, even when he has the right to immediate possession." Plaintiff was permitted to show that defendant was found building a fence so as to include the strip in dispute within the limits of the lots he was occupying; that an agent of plaintiff kicked down a stake that defendant had set; and that defendant then ran

after the agent with a shovel, and grabbed him by the collar. This evidence was admitted as bearing on the question of forcible entry. Defendant had a surveyor run the line between the two lots, and testified that the fence he was attempting to construct when this action was brought was on the line marked by the surveyor. His testimoney regarding the location of the fence was stricken out on motion of plaintiff. Bearing in mind the nature of this action and the charge of the court, which must be treated as the law of the case, there was no error. Defendant offered to prove what an agent of plaintiff said regarding the true line, but the evidence was rejected. There was no error in the ruling. The issue was not as to the true line, as we have seen already, but on the question of actual possession. The witness was allowed to state all that was said regarding plaintiff's possession without objection, and this was all defendant was entitled to.

Defendant complains that he was not allowed to show what another fence was used for. This fence was erected many years prior to the time the cause of action in this case arose, and evidence relating to the use thereof was entirely immaterial to any issue in this case. Had it related to the fence in dispute, the evidence does not in itself seem to be material. Defendant made no statement as to what he intended to establish by such evidence, and, in the absence of such statement, we will not assume that it was material. It is said in argument that such evidence would throw light on the question of the use of force in building it. We fail to see how it would shed any light on that question.

Complaint is made of an additional instruction given by the court to the jury, after it had been out deliberating on its verdict for more than 36 hours, to the effect that the case must be determined by some jury; that it must be determined on the same pleadings and evidence; that a disagreement would simply add to the burden

of the successful party; and that it should again retire for deliberation, and try and arrive at a verdict. There was no error in this instruction. *Frandsen v. Railroad Co.,* 36 Iowa, 372; *Niles v. Sprague,* 13 Iowa, 198; *Parker v. Railway Co.,* 83 Ga. 539 (10 S. E. Rep. 233). No prejudicial error appears, and the judgment is AFFIRMED.