114  129
f132  323

114  129
142  492
142  494

T. E. Cagwin, Appellee, v. The Chicago & Northwest-
ern Railway and A. D. Hannigan, Appellants.

Forcible Entry and Detainer: ISSUES INVOLVED. The right of pos-
session cannot be determined in an action of forcible entry
and detainer.

Same. The action was properly dismissed as to H., since he was
not guilty of any acts which would make him liable for forcible
entry or detained.

Modification of Judgment: H. and plaintiff owned land as tenants
in common, which adjoined the defendant's right of way, and
H. gave defendant an option to purchase his interest. Defend-
ant entered on the land, and began removing dirt to build the
track on its adjoining right of way, and plaintiff brought forci-
ble entry and detainer against both H. and defendant. Sub-
sequently H. deeded his interest to defendant. The court en-
tered an order compelling the defendant to remove not only
from the land in controversy, but also from its original right
of way. Held that it was not error to modify the order by con-
fining it to the land in controversy.

*Appeal from Marshall District Court.*—Hon. Obed Cas-
well, Judge.

Monday, May 20, 1901.

Action of forcible entry and detainer. The trial court
ordered that writ of removal issue against the railway com-
pany, and dismissed the action as to defendant Hannigan.
Both parties appeal; but, as the railway company first per-
fected its appeal, it will be called "appellant."—*Affirmed.*

*Binford & Snelling* and *Hubbard, Dawley & Wheeler*
for appellant.

*A. C. Daly* for appellee.

Deemer, J.—The case was tried on an agreed state-
ment of facts, from which it appears that plaintiff and de-

fendant Hannigan were tenants in common, each owning an undivided half interest in some land in Marshall county; that defendant railway company owns and operates a line of railway which runs through this land; that in May 1899, defendant secured an option from Hannigan for the purchase of his interest in a portion of the land owned by the tenants in common adjoining the railway right of way; and that on the next day the railway company elected to take the land under the option, and entered into the possession thereof with plaintiff, Hannigan being in the joint occupancy thereof with his co-tenant. Thereafter defendant railway company, being in possession, employed a large force of men to remove dirt from the land with which to build a roadbed. Plaintiff notified the defendant to desist, but it failed to do so, and, after giving various notices, he (plaintiff) commenced this action of forcible entry and detainer. Thereafter defendant paid Hannigan for the land on which it had secured the option, and received a deed from him describing the property conveyed by metes and bounds. The trial court entered a judgment of removal against the railway company, which would have compelled it to abandon not only the land in controversy that it had acquired from Hannigan, but also its old right of way, about which there was no controversy. The trial court's attention being called to the broad language of the decree, it modified the same by making the order apply simply to the land the railroad company had acquired from Hannigan. Plaintiff appealed from the modification of the original judgment. The appellant railway company has abandoned its appeal, and the only question in the case is the validity of the modification order. From a careful reading of the record, we are satisfied that the only real contention in the case was over the right to the possession of the strip of land conveyed by Hannigan to his co-defendant, the railway company. Plaintiff contended that the conveyance was void,

because it described property by metes and bounds that theretofore and at the time belonged to tenants in common. The right of possession cannot be determined in an action of forcible entry and detainer. The question involved is the fact of possession, not the right. *Stephens v. McCloy,* 36 Iowa, 659. It appears from the agreed statement of facts that plaintiff was in possession with Hannigan as a tenant in common before the option was secured by the railway company, and that he was also in possession with the railway company after it secured the option. The railway company simply entered into the joint possession of the land with the plaintiff, and, with the consent of Hannigan, took his place, and now stands in his shoes. The validity of the conveyance from Hannigan to the railway company is not controlling, for it must appear that defendant by force, fraud, intimidation, or stealth entered upon the prior actual possession of another.

The order of removal is doubtful, to say the least. But, however this may be, the court did not err in modifying the original order, for there is no evidence to show that defendant entered upon the possession of any land owned in common, save that described in the optional contract, that was afterwards conveyed to the railway company. The judgment, as finally rendered, ordered defendant's removal from the premises covered by the option and deed, and plaintiff has nothing to complain of. The judgment dismissing the petition as to Hannigan was clearly right. Hannigan was not guilty of any such acts as would give plaintiff a right of action for forcible entry or detention. The judgment is on both appeals AFFIRMED.