MARTHA E. CHAMBERS, Appellee, v. R. E. IRISH, Appellant.

**Forcible entry and detainer:** LANDLORD AND TENANT: DEFENSES.
1 In an action for forcible entry and detainer nothing but the right to possession is involved; and where it is based upon the relation of landlord and tenant, the tenant cannot plead in abatement another action pending to settle contract rights in the land alleged to exist between himself and a former owner, not his landlord.

**Change of relation from purchaser to tenant.** One who enters into
2 possession of land under a contract of purchase and therafter makes a lease of the premises from a subsequent vendor expressly surrendering all rights under the contract, including the right of possession, is thereafter a tenant, though there is no physical vacation and re-entry of the premises.

**Fraud in procuring the execution of instruments.** Fraud cannot be
3 predicated on the mere fact that one party omitted to read a portion of a contract to the other party before the same was signed, where it appears that the complaining party was a business man of ordinary intelligence, was not prevented from reading the instrument himself and upon signing the same was

given a copy which he read making no objection thereto until litigation arose over the instrument.

**Duress.** The mere threat to bring legal proceedings to cancel a contract unless a new instrument is executed, waiving, as part consideration therefor, certain rights under the former contract, does not amount to duress.

*Appeal from Adair District Court.*— HON. EDMUND NICH-OLS, Judge.

.TUESDAY, NOVEMBER 20, 1906.

ACTION of forcible detainer of real estate. There was judgment on a directed verdict in favor of plaintiff, and the defendant appeals.— *Affirmed.*

*Frank B. Wilson,* for appellant.

*Chapman & Musmaker,* for appellee.

BISHOP, J.— Stating the facts in the order of their occurrence, these appear: In 1897 W. B. Martin was the owner of the real estate in question — an eighty-acre farm in Adair county. In that year he entered into a contract in writing with the defendant Irish by which he agreed to sell and convey said land to the latter for a sum named, payable in installments at times, and upon terms, specified. One of the provisions was that payment of the sums mentioned at the times specified should be regarded as the essence of the contract, and, on default occurring, all rights should become forfeited without declaration or re-entry, and the second party, Irish, should be treated as a tenant holding over after the termination of his lease. The last payment, as provided for by the contract, was to become due in November, 1903. As was contemplated, Irish went into possession under the contract. In January, 1904, said W. B. Martin conveyed all his interest in the land by deed to F. D. Martin. Irish failed to meet the payments as provided in the

contract to be made by him, and, on September 30, 1904, a further writing was entered into between said F. D. Martin and Irish, by the terms of which the former leased the lands in question to the latter for the period ending March 1, 1905, and it was recited in such writing that the rent for the premises shall be the sum of $1 and the cancellation and relinquishment of all rights under the W. B. Martin contract herein above referred to. Further it was recited that, at the expiration of the rental period prescribed, Irish should, without further notice, quit and surrender the occupancy of the premises to said F. D. Martin. In January, 1904, Martin sold and conveyed the lands to plaintiff. The deed recites that it is subject to the lease to Irish. On March 1st, Irish refused to surrender possession to plaintiff, and, after service of notice to vacate, this action was brought. The petition contains the formal allegations incident to an action of forcible entry and detainer. In addition to a general denial, the answer specifically denies that defendant ever became a tenant in possession under a lease from F. D. Martin; denies that plaintiff was ever in possession of the premises, and denies that she is entitled to possession. There is then pleaded the contract of sale with W. B. Martin, and his, defendant's possession thereunder, and it is said that this was with knowledge on the part of plaintiff. And defendant says that said contract has never been forfeited, and is still in full force and effect. As a further defense, and by way of a plea in abatement, it is pleaded that, prior to the commencement of the present action, defendant had instituted an action in the Adair district court making said W. B. Martin and this plaintiff, among others, parties defendant, in which action this defendant declared his readiness to pay the balance due under the W. B. Martin contract upon the amount being ascertained, and demanded a decree of specific performance; that included in the prayer of the petition in that action was a demand that the respective deeds to F. D. Martin and plaintiff be declared null and void; and that

the title of plaintiff to the land in question be established and quieted. It is alleged that said action is still pending and undetermined. Upon motion of plaintiff the plea in abatement was sticken as redundant and surplusage. Thereupon defendant filed an amendment to his answer in which he admitted the execution of the F. D. Martin lease, but alleged that the same was procured to be executed on his part by intimidation and fraud. At the close of all the evidence the plaintiff had a verdict by direction, and this appeal followed.

The matters relied upon by appellant to secure a reversal of the judgment are, in substance, these:   (1) It was error to strike the plea in abatement.   (2) The plaintiff was not entitled to the judgment entered, for that it was not made to appear that the relation of landlord and tenant ever existed between her and the defendant.   (3) The so-called lease of September 30, 1904, was procured to be executed by fraud and duress on the part of F. D. Martin of which plaintiff had knowledge. We shall take these matters up in the order of their statement.

I.  It was not error to strike the plea in abatement. There is presented by an action of forcible entry and detainer nothing more than the question as to the right of possession of the lands in controversy. The question of title, legal or equitable, is not involved and cannot be determined in such action. As applied to a case such as the one in hand, the matters of inquiry may be specially stated thus: Does the relation of landlord and tenant exist between the parties? And, if so, is the defendant holding over after the termination, or contrary to the terms, of his lease? *Herkimer v. Keeler,* 109 Iowa, 680. If the relation is not made to appear the action must go to the ground. If made to appear, and there is proof of a holding over, the defendant must be ordered to vacate. He cannot be heard to deny his landlord's title, nor can he defeat the action by pleading a pend-

1. FORCIBLE ENTRY AND DETAINER: landlord and tenant: defenses.

ing action instituted by him to settle contract rights in the land alleged to exist between himself and a former owner, not his landlord. *Bowdish v. Dubuque,* 38 Iowa, 341; *Emsley v. Bennett,* 37 Iowa, 15; *Delmonica v. Smith,* 112 Iowa, 662; *Cagwin v. Railway,* 114 Iowa, 129.

II.    The execution of the writing of lease, dated September 30, 1904, being admitted, a *prima facie* case of landlord and tenant was established. And, by acquiring title

2. CHANGE OF RELATION FROM PURCHASER TO TENANT.

from F. D. Martin, plaintiff succeeded to all his rights. *Hatfield v. Lockwood,* 18 Iowa, 296; *Winn v. Murehead,* 52 Iowa, 64. But defendant insists that his possession has at all times been under the contract, with W. B. Martin; that, as he did not take, and does not hold, possession under the contract of lease, he cannot be made subject to an action of forcible detainer. This contention is without force. By the express terms of the September contract he surrendered all rights and interests, including the right of possession, theretofore held by him under the W. B. Martin contract. That contract was accordingly at an end. By force of the same instrument he assumed the relation of tenant to the then fee title holder. And it was not necessary to the relation that there should be a physical vacation under the W. B. Martin contract, and a re-entry under the contract of lease. *Evans v. McKanna,* 89 Iowa, 362; *Barton v. Smith,* 66 Iowa, 75.

III.    A case was not made to go to the jury under the allegations of fraud and duress. Taking defendant's own statements as to the fraud practiced, and no more appears

3. FRAUD IN PROCURING THE EXECUTION OF INSTRUMENTS.

than that, in reading the writing to him, Martin omitted to read that portion thereof in which it was expressed that the surrender of all his rights under the former contract formed in part the consideration for the lease. But defendant was a business man, at the time conducting a general store at Howe, and could read. He was not prevented from taking the document and reading it for himself. He did read it when, two

or three weeks later, he was given a copy by Martin, and he did not then complain as far as shown by the record, nor until he filed his answer in this case. Moreover, he knew he was entering into a contract of lease of the lands, and he must be held to know that such a contract, as far as possession was concerned at least, would supersede his right under the former contract. *Henderson v. Beatty,* 124 Iowa, 163.

As complained of, the duress consisted simply of a threat to bring legal proceedings to cancel the former contract and to dispossess, unless the lease was signed. A threat of legal process such in character as this is not duress. *King v. Williams,* 65 Iowa, 167; *Shalluck v. Watson,* 53 Ark. 147 (13 S. W. 516, 7 L. R. A. 551).

4. DURESS.

We conclude that there was no error, and the judgment is *affirmed.*