G. T. HAINER, Appellee, v. HARRY CHURCHILL, Appellant.

TRIAL: Instructions—Insufficient Exceptions. An exception to an
1  instruction given by the court, to the effect that it submits to the
   jury an *uncontroverted* fact, does not present the proposition that
   the instruction submits a *fundamentally erroneous theory of the case.*

TRIAL: Instructions—Exception to Wrong Instruction. An exception
2  will not be disregarded because it mistakenly points out the wrong
   instruction, when the error is manifest.

TRIAL: Instructions—Exceptions to Refusal to Instruct, But Not to
3  Instructions Given. A failure to except to instructions *given* pre-
   cludes a review of exceptions to the refusal *to give* instructions. In
   other words, one may not allow the instructions given to become the
   law of the case, and then expect to be heard on the proposition that
   the court ought to have presented the case on a fundamentally
   different theory.

*Appeal from Carroll District Court.*—E. G. ALBERT, Judge.

SEPTEMBER 16, 1919.

OPINION ON REHEARING JULY 14, 1921.

ACTION at law to recover damages for personal injury. Ver-
dict and judgment for plaintiff, and defendant appeals. For
former opinion, see 173 N. W. 882.—*Affirmed.*

*G. A. Minnich* and *Lee & Robb,* for appellant.

*T. J. Dress, L. H. Salinger,* and *Ralph Maclean,* for appellee.

STEVENS, J.—The plaintiff alleges that defendant owned and
used a steam traction engine, with which, together with other
machinery, he was engaged in various lines of work, including
the shelling of corn for others desiring such service, and that,
in carrying on said business, he employed the plaintiff to operate
the engine and assist in and about the operation and management
of said machinery; that, while so employed, and in the line of his

duty operating a corn sheller with the power afforded by said engine, he attempted to reach a lever by which the gear-shifting apparatus of the machine was controlled, and in said act the glove upon his hand came in contact with some unguarded cogwheels, with the result that his hand was drawn into the meshes of the machinery and so badly crushed and wounded as to necessitate its amputation. Plaintiff further alleged in his petition that ''defendant was negligent in that he failed to provide him with a safe place in which to work, and in that he failed to furnish safe machinery with which to work, and in operating said machinery without having the correct shifting apparatus and cogwheels guarded,'' and that by reason thereof plaintiff was injured, as above stated.

In answer, the defendant admits that, at the time mentioned, he was the owner of the engine and machinery described in the petition; that plaintiff was employed by him in that business; and that, while plaintiff was engaged in said work, his hand was crushed between certain unguarded cogwheels of the machine. Further answering, defendant says that, when he employed the plaintiff, the cogwheels were properly covered and guarded, and it was part of plaintiff's duty to see that the guards and covers were kept in place; that, in neglect of said duty, plaintiff himself removed such protection, before said accident, and had failed to replace it, thereby exposing himself to said injury; that plaintiff was experienced and skilled in the care and management of such machinery, and, with knowledge of the alleged neglect, assumed the risk therefrom. Defendant also denies all negligence on his part.

The facts admitted, or in support of which there is evidence, are substantially as follows: The defendant owned, and operated by steam power, machinery for the purpose of doing various kinds of work, including grading of streets, threshing grain, and shelling corn. The machinery was portable, moving by its own power from place to place, as was needed to accommodate the defendant's patrons, and the plaintiff was employed by him to operate the engine and assist in and about the work performed. How many were required to prosecute the business and work thus done is not stated; but evidently, when in operation, it required the services of several persons, to operate the machinery

and care for the shelled grain. On the day of the accident, the machinery had been taken to the farm of one Augustine, where it was employed in shelling corn. It is conceded that certain cogwheels near the gear-shifting lever were then exposed and unguarded, although defendant claims that it had formerly been duly protected, and that the guard had been removed without his knowledge. In the progress of the work, a wagon, into which the shelled corn was being spouted, becoming filled, it was necessary to suspend the operation of the machine long enough to permit the substitution of another wagon, and plaintiff reached his hand toward the lever which controlled the shift. In so doing, his foot slipped, causing his arm to sway, bringing his hand into contact with the unguarded cogs, inflicting upon him a severe injury.

Although other grounds are assigned for reversal, the principal contention of counsel for appellant is, and has at all times been, that the court submitted the issues to the jury upon the erroneous theory that the outfit of machinery owned and operated by the defendants at the time plaintiff was injured was an "establishment where machinery is used," within the meaning of Section 4999-a2, Code Supplement, 1913; and in our former opinion we so held, and upon this ground reversed the judgment of the court below. A rehearing was granted, and the case is again before us for decision.

Appellee contends that the theory adopted by the trial court was that not Section 4999-a2, but Section 4999-a3, was controlling. They assert that the case was submitted under Section 4999-a3. The point is further made by counsel for appellee, upon original submission, in their petition for rehearing, and in their further argument upon rehearing, that the exceptions argued by counsel for appellant are not properly before the court for review. All of the exceptions argued relate to alleged errors of the court in the instructions given and the instructions requested and refused. Six instructions were requested by appellant, exceptions being preserved, however, only to those numbered 2, 4, and 6. These instructions are as follows:

"Instruction No. 2. If you find from the evidence that the plaintiff himself removed the cover from the gears in which his accident occurred, and left the same off, or if the plaintiff was

responsible for the uncovered condition of said gears at the time of his accident, his own negligence contributed to his injury, and, in that case, your verdict should be for the defendant.''

''Instruction No. 4. You are instructed that an employee has no right to deliberately or wantonly place himself in a place of danger, and that if, knowing or being in a position where he should have known the dangerous and uncovered condition of the gears in which his accident occurred, he, without necessity therefor, placed his hand in such position that it was in danger of being drawn into the said gear and crushed, he was guilty of contributory negligence, and, in that case, your verdict should be for the defendant.''

''Instruction No. 6. You are instructed that the corn sheller in which the accident to the plaintiff complained of occurred, was not, at the time of the accident, a manufacturing or other establishment where machinery is used, and that the statutory requirement requiring the owner of such an establishment to guard such machinery and the cogs, gearings, etc., therein does not apply in this case. You are further instructed that, if the gearing in which the accident occurred was uncovered without the knowledge of the defendant, he is not responsible for such condition, and, in such case, your verdict should be for the defendant.''

The instructions given upon the court's own motion, declaring the law of the case, are as follows:

''3. If you find that the plaintiff did not know that the cogwheels in controversy were unguarded, or by the exercise of reasonable diligence could not have discovered that they were unguarded, then plaintiff is entitled to recover herein.

''3-a. If you find that the defendant employed the plaintiff to run said corn sheller, and turned the outfit over to him, and, at the time he turned it over to him, the cogwheels in controversy were duly guarded, and that, subsequent thereto and before the time of the accident, the plaintiff himself removed said guard, without the consent or knowledge of the defendant, and said corn sheller was in such condition at the time of the accident, and at such time the defendant still did not know that the guard had been removed, and that plaintiff was injured by reason of the want of said guard, then plaintiff cannot recover herein.

"4. If the plaintiff knew that said machinery was unguarded from some other cause than his own acts, and he afterwards continued to use said machine in said condition, and the defendant did not know that said machine was unguarded, and by the exercise of reasonable diligence, acting as a prudent and cautious man under like circumstances, would not have discovered its unguarded condition, then plaintiff assumed the risk of injury from such unguarded machine, and he cannot recover herein.

"5. If the plaintiff may have had knowledge, when the employer had knowledge of such defects, and you further find that it was agreed that it was part of the duties of the plaintiff to make repairs or remedy the defects, the plaintiff will not be held to waive the negligence of the defendant, if any, unless the danger from said unguarded wheels be so imminent and to such an extent that a reasonably prudent person would not have continued in the prosecution of the work, and under such circumstances, the plaintiff is not held to have assumed the risk of being injured by such defective machinery. If, however, under these circumstances, the defendant did not know of the unguarded condition of said machinery, or by the exercise of reasonable diligence, acting as a prudent and cautious man under like circumstances, the plaintiff would assume the risk, and if injured thereby he could not recover herein."

First, with reference to the instructions given: The instructions leave much to implication. For instance, nowhere in the entire charge is the duty of the defendant with reference to guarding the machinery affirmatively stated; and the only instruction, except Paragraph 8, which states the measure of plaintiff's recovery, containing an affirmative statement of the propositions upon which plaintiff's right of recovery is based, is the one numbered 3. It will be noted that in this instruction the court advised the jury that, if the plaintiff did not know, or by the exercise of reasonable diligence could not have discovered, that the cogwheels were unguarded, then plaintiff would be entitled to recover. The remaining instructions quoted above, although in negative form, to some extent repeat and amplify the proposition stated in Instruction 3.

The exceptions taken to the instructions given, and to the

refusal to give those requested, are incorporated in the defendant's motion for a new trial. The exceptions to Instructions 3 and 3-a assert that they should not have been given, for the reason that the uncontroverted evidence showed that, at the time defendant employed plaintiff to operate the corn sheller, the cogs were duly guarded, and that the defendant did not know that the guard had been removed. Clearly, these exceptions do not challenge the correctness of the legal propositions stated by the court, and are based solely upon their asserted inapplicability to the undisputed evidence.

1. TRIAL: instructions: insufficient exceptions.

Before proceeding further, it may be well to refer to Chapter 24, Acts of the Thirty-seventh General Assembly, which provides:

''Either party may take and file exceptions to the instructions of the court or any part of the instructions given or to the refusal to give any instructions as requested within five days after the verdict in the cause is filed or within such further time as the court may allow and may include the same or any part thereof in a motion for a new trial, but all such exceptions shall specify the part of the instructions as excepted to, or of the instructions asked and refused and objected to, and the grounds of such objections.''

We construed this enactment in *Anthony v. O'Brien,* 188 Iowa 802, and held that:

''A party may not rely on a mere refusal to give an instruction, but must specify the grounds on which he predicates error in such refusal. There is quite as much reason for requiring this as in exacting specific objection to the instructions, and both are calculated to facilitate corrections of error in the *nisi prius* court, and thereby avoid the expense and delay of appellate reviews, as far as possible.''

By a manifest clerical error, the exceptions taken to the refusal of the court to give requested Instruction No. 6 refer to Instruction No. 5. This patent error must be disregarded, as it is impossible that the court or counsel could have been misled thereby. The specific language of the exception clearly refers to the subject-matter of requested Instruction No. 6. Following our con-

2. TRIAL: instructions: exception to wrong instruction.

struction of Chapter 24, Acts of the Thirty-seventh General Assembly, in *Anthony v. O'Brien*, supra, the conclusion is inevitable that Instructions No. 3 and No. 3-a, in so far as they purport to state the law applicable to the facts, must be treated as the law of the case. Furthermore, it is the duty of the court, without being unduly or unnecessarily technical in the application thereof, to regard only such exceptions as are specific in their reference to the instructions given and to the refusal to give requested instructions. In so far as the instructions given are not challenged by appropriate exceptions, they also must be treated as the law of the case. This is in harmony with the provisions of Chapter 24, Acts of the Thirty-seventh General Assembly, and with our prior decisions. It is not the policy of the court, however, to adopt a narrow or technical construction of exceptions, but to be as liberal in the interpretation and application thereof as the established procedure will fairly permit.

Exceptions urged to Instructions No. 5 and No. 6 are insufficiently specific to justify review. They are very general, and do not specifically point out in what particular the instructions are misleading, contradictory, and not a correct statement of the law, or in what manner they unduly minimize the effect of certain testimony relating to oral statements of the plaintiff or other witnesses. It is necessary, in the further discussion of the propositions argued by counsel, that we set out Sections 4999-a2 and 4999-a3, which are as follows:

"Sec. 4999-a2. It shall be the duty of the owner, agent, superintendent or other person having charge of any manufacturing or other establishment where machinery is used, to furnish and supply or cause to be furnished and supplied therein, belt shifters or other safe mechanical contrivances for the purpose of throwing belts on and off pulleys, and, wherever possible, machinery therein shall be provided with loose pulleys; all saws, planers, cogs, gearing, belting, shafting, set screws and machinery of every description therein shall be properly guarded. No person under sixteen years of age, and no female under eighteen years of age shall be permitted or directed to clean machinery while in motion. Children under sixteen years of age shall not be permitted to operate or assist in operating dangerous machinery of any kind.

"Sec. 4999-a3. That in all cases where the property, works, machinery or appliances of an employer are defective or out of repair, and where it is the duty of the employer from the character of the place, work, machinery or appliances to furnish reasonably safe machinery, appliances or place to work, the employee shall not be deemed to have assumed the risk, by continuing in the prosecutoin of the work, growing out of any defect as aforesaid, of which the employee may have had knowledge when the employer had knowledge of such defect, except when in the usual and ordinary course of his employment it is the duty of such employee to make the repairs, or remedy the defects. Nor shall the employee under such conditions be deemed to have waived the negligence, if any, unless the danger be imminent and to such extent that a reasonably prudent person would not have continued in the prosecution of the work; but this statute shall not be construed so as to include such risks as are incident to the employment; and no contract which restricts liability hereunder shall be legal or binding."

Neither of these sections of the statute is referred to in the instructions given, nor did the court affirmatively tell the jury that it was the duty of the defendant to guard the machinery. If this duty is declared by the instructions, it is by implication only. Counsel for appellant, however, contend that requested Instruction No. 6 specifically asked the court to instruct the jury that Section 4999-a2, requiring the owner of an establishment in which machinery is used to guard all gearing, etc., has no application to the facts of this case; and that the refusal to give it was error.

We deem the exceptions taken to the refusal of the court to give this instruction sufficient to call for review. But, as already stated, the exceptions to Instruction 3 do not challenge

3. TRIAL: instructions: exceptions to refusal to instruct, but not to instructions given.

its correctness as a statement of the law. We held, in *Delmonica Hotel Co. v. Smith*, 112 Iowa 659, that, where the appellant had failed to except to instructions given, he could not be heard to say that the court erred in refusing to give instructions asked by him in conflict therewith. The sole hypothesis upon which the argument of counsel for appellant, asserting that the refusal of the court to give Instruction No. 6 is prejudicially

erroneous, proceeds, is that it is inconsistent with Instruction 3, and presents a wholly different theory of the law from that set forth therein.   But, waiving our holding in *Delmonica Hotel Co. v. Smith,* supra, for the present, and conceding, by way of argument,—without, however, expressing an opinion thereon,— that the facts of this case do not bring it within the terms and provisions of Section 4999-a2, should the refusal of the court to give the requested Instruction No. 6 be held ground for reversal?   The duty of the defendant to appropriately guard dangerous machinery does not rest alone upon the provisions of the so-called "factory act," which is limited in its scope and purpose.   After reaching the conclusion announced in our former opinion, we said:

"We come to this conclusion the more readily from the fact that the next section of the statute, Code Supplement, 4999-a3, together with the appropriate principles of the common law of negligence, seems to afford him [plaintiff] ample remedy, if his injury is attributable to the negligence of the defendant."

Manifestly, Instruction No. 5 was based upon the provisions of Section 4999-a3.   The petition was not assailed by motion or demurrer, and the allegations thereof, in the absence of attack, were sufficient to charge the defendant with negligence in failing to furnish plaintiff safe machinery with which to work, together with a safe place to work,. and that he was negligent in causing said corn sheller to be operated without guarding dangerous parts thereof.   The requested instruction is not in conflict with any affirmative statement of the law, as set forth in the charge of the court.   The instructions given are as consistent with the provisions of Section 4999-a3 as with the provisions· of the so-called "factory act."

May we, in view of our holding in *Delmonica Hotel Co. v. Smith,* supra, or upon any logical theory, treat the instructions given as the law of the case, thereby giving full effect thereto, and at the same time reverse, upon the ground that a requested instruction in conflict therewith was refused, to which refusal appropriate exceptions were taken and preserved?   In other words, may the defeated party treat the court's instructions as the law of the case, and at the same time assert that the court should have submitted the case upon a diametrically opposite

theory of the law? Or does the taking of appropriate exceptions to the refusal of the court to give the inconsistent requested instruction preserve the right of review, without more? Counsel for appellant contend that it does, and seek to distinguish the *Smith* case from the case at bar on the record. They cannot be so distinguished. The distinction, if any exists, is fundamental. The holding of this case is controlling, and its effect can be avoided only by its disapproval. We are not inclined to overrule it.

In view of this conclusion, it is unnecessary for us to determine whether this section is applicable or controlling in this case. We are of the opinion, and hold, that no reversible error is shown, and the judgment of the court below must be and is— *Affirmed.*

Evans, C. J., Weaver, Arthur, and Faville, JJ., concur.