JULIA BRAGA, Appellee, v. JAY M. STOWELL et al., Defendants, GEORGE A. STOWELL, Guardian, Intervener, Appellants.

No. 42722.

APRIL 2, 1935.

856

W. T. Bennett and O. H. Allbee, for appellants.

E. N. Farber and E. H. Lundy, for appellee.

MITCHELL, J.—Julia Braga commenced an action in the municipal court of the city of Marshalltown against Jay M. Stowell and Clara M. Stowell to obtain possession of certain farm land, the lease of which expired on February 28, 1934. George A. Stowell, guardian of H. C. Stowell, a person of unsound mind, filed a petition of intervention, alleging ownership of said land in H. C. Stowell, incompetent. The only defense pleaded by the original defendants and by George A. Stowell, guardian of the property of H. C. Stowell, the intervener, was that the guardian had a suit pending in the district court of Marshall county, Iowa, in behalf of his ward, wherein he was asking that title to the said real estate be quieted in him and that as such guardian he had prior to March 1, 1934, entered into a lease with Jay M. Stowell and Clara I. Stowell for the said real estate for one year, beginning March 1, 1934, and that, on that account, the question of title to the real estate was involved and the case should be transferred or removed to the district court of Marshall county, Iowa. There was no denial of the lease that had been made with appellee, and no denial that it terminated on February 28, 1934, and no denial that a three-day notice to quit had been given before the suit in the municipal court was started. In fact, there was no issue on any of the material allegations in appellee's petition. On motion of the appellee, the petition of the intervener was stricken, and, the intervener having elected not to plead further, judgment was entered in favor of the appellee, and an order entered, removing the Stowells from the real estate and putting appellee in possession thereof. From such judgment and order the intervener and defendants have appealed to this court.

The only question argued by the appellants is that under section 12274 of the 1931 Code it was the duty of the municipal court to have transferred the case to the district court, it being the claim

of the appellants that title to the property in question was put in issue.

It must be kept in mind at all times that in the case at bar the action was one brought to obtain possession of certain farm land. In the case of Chambers v. Irish, 132 Iowa 319, 322, 109 N. W. 787, this court said:

"It was not error to strike the plea in abatement. There is presented by an action of forcible entry and detainer nothing more than the question as to the right of possession of the lands in controversy. The question of title, legal or equitable, is not involved and cannot be determined in such action. As applied to a case such as the one in hand, the matters of inquiry may be specially stated thus: Does the relation of landlord and tenant exist between the parties? And, if so, is the defendant holding over after the termination, or contrary to the terms, of his lease"

In the case of Music v. DeLong, 209 Iowa 1069, 229 N. W. 673, Justice Kindig, speaking for the court said, at page 1072:

"Appellants' answer in the case at bar does not raise an issue of title to real estate; but at this juncture appellants refer to an action now pending in the district court between the same parties, wherein relief is sought from the appellees for the fraud aforesaid. Obviously, however, regardless of the issues in the district court proceeding, title is not involved in this forcible entry and detainer action. Here 'fact of possession' alone is material. Title, except as a mere incident, is not concerned. State Exch. Bank v. Ihlings, 190 Iowa 1045, 181 N. W. 423; Cassiday v. Adamson [208 Iowa 417, 224 N. W. 508], supra; Cagwin v. Chicago & N. W. Ry., 114 Iowa 129, 86 N. W. 220; Delmonica Hotel Co. v. Smith, 112 Iowa 659, 84 N. W. 906."

The substance of this holding is that the defendant in an action of forcible entry and detainer cannot bring in some collateral matter, wherein the defendant or some third person is involved with the plaintiff and set it up as a defense. If the defendant is the tenant of the plaintiff, and, if his lease has expired and he is holding over, he has no defense. If he or any third person has any right in an action pending in another court, he or the third person must resort to that action to assert and obtain his rights. The appellee's proof in the case at bar shows the lease in suit expired on February 28,

858

1934, and that the appellants were holding over after the termination of this lease; that they had been duly served with a proper three-day notice to quit, which appellants admitted. It thus appears they had no defense to the appellee's claim for possession.

The lower court was right, and the judgment and decree of the lower court must be, and it is hereby, affirmed.

ANDERSON, C. J., and KINTZINGER, ALBERT, DONEGAN, PARSONS, HAMILTON, and RICHARDS, JJ., concur.