## GAY OIL COMPANY v. AKINS.

### Opinion delivered November 6, 1911.

1. BILL OF EXCEPTIONS—WHO MAY SIGN.—The statute authorizing by-standers to certify a bill of exceptions where the judge refuses to certify same does not contemplate that the officers of appellant corporation, who were also witnesses in the case, should make such certificate. but that it should be made by bystanders who are not directly concerned in the controversy. (Page 553.)

2. APPEAL—PRESUMPTION FROM FAILURE TO ABSTRACT EVIDENCE.—Where the appellant has not abstracted the evidence, as required by the rules of this court, it will be presumed that there was evidence to sustain the court's findings. (Page 554.)

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk*, Judge; affirmed.

*Moore, Smith & Moore* and *Vaughan & Akers*, for appellant.

1. It was error to refuse to permit Gay to testify as to the terms, etc., of the contract. Greenleaf on Ev. vol. 1 (15 ed.) pp. 694-5-6, § 558; Wigmore on Ev. vol. 2, pp. 1403-8, § § 1192-4; Jones on Ev. pp. 262-5, § § 212-213, 252; 57 Ark. 153-158; 72 *Id*. 47-51; 72 *Id*. 601; 63 *Id*. 556-56-13; 47 *Id*. 120, 125.

2. With respect to the palpable error in the record between the amount of the judgment and the balance found due, the court should apply sections 1226, 4427, Kirby's Digest. This was a palpable error.

3. The findings are contrary to the law and evidence.

*J. H. Harrod*, for appellee.

1. There is no showing that the court refused to allow Mr. Gay to testify. The bill of exceptions shows that Mr. Gay did testify. A bill of exceptions signed by the judge can only be set aside by a statement signed by bystanders. 14 S. W. 946; 28 Pac. 472.

2. The appellant did not ask the court below to correct the error in the record; it is too late here.

3. There were no exceptions saved to the court's findings.

McCULLOCH, C. J. Appellant instituted this action at law against appellee to recover the sum of $288.74, balance of funds collected by appellee while acting as agent for appellant at Conway, Arkansas. It is alleged in the complaint that the

appellee had collected sums aggregating the total amount of $1,724.98, and had paid over various sums aggregating $1,326.62. which, with other credits to which he was entitled, left the above balance unpaid. Appellee answered, admitting that he had collected the total amount specified in the complaint, but that, in addition to the credits set forth in the complaint, he was entitled to others, which made the total amount of his credits $2,009.30, leaving a balance due him of $284.32, which he pleaded as a counterclaim against appellant, and prayed judgment therefor. On a trial of the cause before the court sitting as a jury, there was a finding in favor of appellee on his counterclaim for the sum of $123.12, and judgment was rendered in his favor.

The principal controversy between the parties is as to the amount of commissions which appellee was entitled to under his contract with appellant. Mr. Gay, the president of appellant company, testified that there was a written contract, which had been destroyed, and that according to its terms appellee was to receive one cent per gallon on the oils sold by him. The latter testified, however, that there was no written contract, and that under the verbal contract he was to receive one dollar per barrel as commission on the oils he sold.

The first point urged for reversal is that the court erred in refusing to permit witness Gay to testify as to the contents of the written contract. The bill of exceptions, however, does not sustain appellant in this, for it shows that the witness was permitted to testify on the subject named. Appellant seeks to avoid the recital in the bill of exceptions by showing that it refused to abide by the certificate of the judge and filed affidavits of bystanders as to its exception on this point. The persons who were called upon to certify the exceptions as bystanders were T. J. Gay, P. F. Witherspoon and W. B. Robinson, all of whom were witnesses in the case introduced by appellant, and it appears also that Mr. Gay was president of appellant corporation. Mr. Witherspoon was vice-president, and Mr. Robinson was secretary. They were not bystanders, within the meaning of the statute. The statute manifestly contemplates that the exceptions shall be certified by bystanders who are not directly concerned in the controversy. *Boone* v. *Goodlette,* 71 Ark. 577; *State* v. *Jones,* (Mo.) 14 S. W. 946; *Diamond Tunnel Gold &*

*Silver Mining Co.* v. *Falkner,* (Col.) 28 Pac. 472. We accept the certificate of the presiding judge as to the correctness of the bill of exceptions, and this disposes of the disputed item of commissions which the court allowed according to the testimony of appellee.

There are two other items of credit allowed by the court to appellee which appellant insists find no support in the testimony. One is an item of $74.42, which appellee testified was collected by him and placed to the credit of appellant in a bank at Conway, where his collections were usually deposited. Mr. Robinson, a witness introduced by appellant and who was its chief accountant, testified that these items were not charged to appellee on appellant's books, and that therefore he was not entitled to a credit in this litigation. It is insisted that this evidence is undisputed, and that, inasmuch as there was no debit against appellee of this amount on the account books of appellant, he could not be credited with the amount now. The trouble we find in sustaining this contention is that counsel has not abstracted the account exhibited with the complaint, and we are therefore unable to say that this testimony of Robinson is undisputed. Appellant exhibited an account which was supposed to charge appellee with all the collections he had made, and which, according to ordinary business methods, ought to have included every item. It was proper for the court to inspect the account itself in determining whether or not Mr. Robinson was correct in saying that these items were not embraced therein. We assume that the court did so, and, as the account is not abstracted, it is our duty to indulge the presumption that the court found something in it which would justify a finding that these items had been embraced in the account and charged to appellee, and that he was entitled to the credit of the amount which the accounts of the bank at Conway showed had been deposited.

There is another item in dispute concerning which counsel earnestly insist the testimony is undisputed, and it is this: Appellee in his counterclaim asked a credit of $57.31, collected by one Weinman and paid over to appellant's agent. To establish this and other items, he exhibited the account of the bank at Conway to show that this amount had been deposited there to appellant's credit by one Carter. Weinman was also intro-

duced, and he testified that he collected the sum of $48.85 for oil that had been sold by appellee, and paid it over to appellant. It is insisted now that, according to the undisputed evidence, this item was a part of the $57.31, and that by allowing both the court in effect allowed one of the items twice. We can not say, however, from the testimony that the items are the same. The item of $57.31 is established by the credit on the books of the bank at Conway, whilst the other item is established by the testimony of Weinman, who says that he "collected very small amounts, totaling $48.85, due to the company for goods sold by Akins, which he had turned over to the plaintiff." He does not testify, as claimed by appellant's counsel, that he turned this amount over to Carter, but the statement is, as above shown, that he turned it over to appellant. The court was, therefore, warranted in finding that both of these items were collected, and that appellee was entitled to credit for each, and that one did not embrace the other. It may be that the contention of Mr. Robinson, appellant's witness, is correct, but in the face of the testimony adduced we can not say that his testimony is undisputed. It is our duty, therefore, to give the fullest probative force to all the testimony in the case, and not to disturb the finding of the court if there is any testimony of a substantial nature in support of it.

The court made findings in writing, stating the various items and showing a balance of $123.12, but the judgment shows that it was rendered in favor of appellee for $131.78. There is nothing in the record to explain this discrepancy, and it is obviously a mere clerical misprision, which we should disregard. Doubtless, the court would have corrected it if attention had been called to it, but the exceptions were to the finding of the court, and not to the judgment which was rendered, including the error. The judgment will be modified to that extent and affirmed. It is so ordered.