J. B. PUTNAM, Appellee, v. IMELDIA McCLAIN, Appellant.

**FORCIBLE ENTRY AND DETAINER:** **When Maintainable—Vendor and Vendee.** A vendee of real estate who has agreed that he will pay for the property in monthly installments, and that, in case of default in payments, the contract may be forfeited and the amount paid be treated as payments *for the use of the property,* becomes, in case of a proper forfeiture, the tenant of the vendor, and may be removed from the property through an action of forcible entry and detainer.

*Appeal from Des Moines Municipal Court.*—T. L. SELLERS, Judge.

JUNE 28, 1924.

ACTION in forcible entry and detainer, the defendant having been in possession of the premises under contract of sale, which had been duly forfeited; plaintiff, appellee, having brought the action to secure the possession. There was a directed verdict for the plaintiff. Defendant appeals.—*Affirmed.*

·C. D. Royal and Harry W. Hanson, for appellant.

Franklin Brown, for appellee.

PRESTON, J.—The record is somewhat abbreviated, and properly so. The purpose of the appeal is to determine whether

an action of forcible entry and detainer will lie. Another question is argued briefly, but it is stated that above is the sole question for determination.

We do not understand appellant to claim that plaintiff is not entitled to the possession, but he claims that plaintiff's remedy is by action of right, and not by forcible entry and detainer; and this for the reason that there was no lease, and the relation of landlord and tenant did not exist. It is said that, the proceeding of forcible entry and detainer being summary in its nature and in derogation of the common law, the statute conferring jurisdiction must be strictly pursued, and that the statute must be strictly construed. *Benjamin v. Benjamin,* 5 N. Y. 383; *Roach v. Cosine,* 9 Wend. (N. Y.) 227; 16 Ruling Case Law 1181, 1182.

The statute, Section 4208, Code, 1897, as amended by Chapter 271, Acts of the Fortieth General Assembly, provides a summary remedy for forcible entry or detention where a lessee holds over after the termination of or contrary to the terms of his lease, or for the nonpayment of rent when due. There are other provisions, but counsel practically concede that in this case the action may be maintained, if at all, under the first ground stated.

The petition set up the contract, notice of forfeiture thereof about two months before this suit was brought, and the notice to quit. The contract was made May 6, 1921, and the defendant went into possession of the premises thereunder, and was in possession at the time this action was brought. Appellant made but one of the deferred payments after the contract was made, and for this and other reasons the statutory notice of forfeiture was served upon her.

The contract provides, among other things, that plaintiff agrees to sell the property to defendant, and she agrees to buy. The deferred payments were to be made in installments of $20 on the first of each month. Defendant was to have possession June 1, 1921. If defendant failed to make the payments and pay the taxes, etc., plaintiff was to have any one of four options, one of which was that he might declare the contract null and void, and it might be forfeited, and the property should immediately revert to and revest in plaintiff, without any right of

defendant for reclamation or compensation for money paid; but such payments were to be taken by the first party as compensation for the use of said property. It was further provided that, in declaring this option, no act or re-entry should be necessary to be performed or made by the plaintiff, except a written demand for the possession of said property, or the bringing of a suit either at law or equity, for the possession of said property; and that suit might be brought by plaintiff in Polk County, Iowa.

It is true, as contended by appellant, that the relation of landlord and tenant is created by contract, either express or implied. However, no particular form of words is necessary to constitute an instrument a lease and create the relation of landlord and tenant between parties. *United States v. Shea*, 152 U. S. 178 (38 L. Ed. 403); *Heywood v. Fulmer*, 158 Ind. 658 (32 N. E. 574); *Hancock County v. Imperial Naval Stores Co.*, 93 Miss. 822 (17 L. R. A. [N. S.] 693, 696). The reservation or payment of rent is not essential to create the relation, though it is a usual incident. *School District v. Batsche*, 106 Mich. 330 (64 N. W. 196). As between vendor and vendee, it is held that the relation of a vendee to his vendor is that of a quasi-tenant, though there is no express provision in the contract giving him the right to possession. *Jones v. Temple*, 87 Va. 210 (12 S. E. 404); *Foley v. Wyeth*, 2 Allen (Mass.) 131. In such a case, in determining the rights and liabilities of the parties, principles applicable to the relation of landlord and tenant have been applied. Thus the doctrine that a tenant is estopped to deny his landlord's title has been applied to a vendee who enters under his contract to purchase. *Lewis v. Hawkins*, 23 Wall. (U. S.) 119 (23 L. Ed. 113). And this is so though, to give rise to the estoppel of a tenant to deny his landlord's title, it must be shown that the relation of landlord and tenant in fact existed between the parties, as regards the land in question. 16 Ruling Case Law 649. It is generally held that, in a contract for the sale of land under which the vendee is to be given possession, the parties may enter into a valid and effective stipulation that, on default in making agreed payments of purchase money, the vendee's possession shall become that of a tenant, and be made to relate back

to the time of the execution of the contract. *Stinson v. Dousman,* 20 How. (U. S.) 461 (15 L. Ed. 966) ; *Levy v. McDonnell,* 92 Ark. 324; *Murphy v. Myar,* 95 Ark. 32 (128 S. W. 359). The relation may arise on default of the vendee, so as to enable the vendor to restrain for the agreed rent, or to authorize the vendor to recover the possession in summary proceedings. *Stinson v. Dousman,* supra, and 49 L. R. A: 437, 438, 16 Ruling Case Law 1181, where it is said that the object of the forcible entry and detainer statutes is to give, against tenants who hold over, a better remedy than the old, cumbersome, dilatory, and expensive one by action of ejectment. Under such a contract for the sale of land and stipulation, the relation does not exist prior to the time of default and before the vendor takes some step to terminate the contract. Ann. Cas. 1912 A 576. This court so held in *Fowler v. Dieleman,* 192 Iowa 563, 568. But in that case, there had been no rescission of the contract or forfeiture, and it was held that the action would not lie. But we said that, if a valid rescission has been accomplished by the act of either party or by mutual consent, then the vendee in possession is in duty bound to surrender the premises. Mere default in payment of the deferred installments of the purchase price does not make the vendee's possession wrongful, nor entitle the vendor to remove him therefrom; and in this state at least, even where the contract expressly provides for forfeiture and re-entry, upon failure to make payments, this provision cannot be enforced without the service of thirty days' written notice upon the vendee. Code Sections 4299, 4300.

"To maintain forcible entry and detainer, he must show either an accomplished rescission or cancellation of his contract to sell, or a rescission by mutual agreement, and that defendant is wrongfully holding over after his right to possession has been so eliminated." *Fowler v. Dieleman,* supra.

In *Chambers v. Irish,* 132 Iowa 319, 322, we said:

"There is presented by an action of forcible entry and detainer nothing more than the question as to the right of possession of the lands in controversy. The question of title * * * is not involved * * * As applied to a case such as the one in hand, the matters of inquiry may be specially stated thus: Does the

relation of landlord and tenant exist between the parties? And, if so, is the defendant holding over after the termination, or contrary to the terms, of his lease?"

If these matters are made to appear, the defendant must be ordered to vacate.

The contract in question does not specifically state that the relation of landlord and tenant shall exist after a termination of the contract; neither does it state in terms that the payments, or the one payment already made, are to be rent. We have seen that this is not necessary. It states that it is to be considered as payment for the use of the premises. If, in the instant case, the relation of landlord and tenant does not exist, what was the relation? The contract gave appellant the right to go into possession. She did so. The payments made were to be applied on the use of the premises. Appellee had the right of forfeiture and re-entry. Notice of forfeiture was given, in accordance with the statute. Appellant is holding over after the termination of the contract, and contrary to its terms. She had no right to the possession at the time this action was begun. We see no reason for compelling appellee to resort to an action of right, and thus delay proceedings and permit appellant to continue in possession perhaps for a considerable time without paying rent, and after her right to possession has fully terminated.

We think the action of the trial court was right. The judgment is—*Affirmed.*

ARTHUR, C. J., EVANS and VERMILION, JJ., concur.