NORMAN L. CASSIDAY et al., Appellees, v. NEIL C. ADAMSON et al., Appellants.

No. 39714.

APRIL 2, 1929.

REHEARING DENIED JUNE 24, 1929.

*Lehmann, Seevers & Hurlburt,* for appellants.

*Bradshaw, Schenk & Fowler,* for appellees.

FAVILLE, J.—Prior to February 26, 1924, the appellees were the owners of certain real estate in the city of Des Moines. On said date, they entered into a written contract with one Manley, whereby they undertook and agreed to sell and convey said property to said Manley in consideration of the payment of a specified sum therefor. One thousand dollars was paid upon the execution of the contract, and the balance was to be paid in monthly installments of $75 each, due on the first day of each month. Manley went into possession under the contract, and, on or about April 10, 1925, assigned the contract to the appellants, who, in turn, went into possession thereunder, and continued to make the payments on the purchase price. Default occurring in said payments, on February 6, 1928, a notice of forfeiture of said contract was duly served upon the appellants. On May 31, 1928, a three days' notice to quit was served, an original notice was also served, and petition filed, and on June 26, 1928, said cause was tried, and judgment rendered for the appellants herein. On May 31, 1928, the appellees again served upon the appellants a notice of forfeiture of said contract. On July 2, 1928, a three days' notice to quit was again served. On July 7, 1928, the petition was filed in the instant case, and trial was had in August, 1928, which resulted in the judgment appealed from.

I. It is urged by the appellants that the action involved the title to real estate, and that the municipal court of Des Moines had no jurisdiction to try the case because thereof, under Section  12274, Code of 1927, which provides that in such actions the question of title can only be investigated by the district court. Appellants by their answer admitted the contract and the notices served. They filed a motion to transfer the cause to the district court, which motion is in part as follows:

"That the question of title is brought into this case by the allegations of plaintiff's petition; that, to establish his right in this case, plaintiff must establish a valid and legal forfeiture of the contract in question, and of defendant's rights in and to the real estate in question. That said question is inseparable from the question of plaintiff's right of possession herein, and must be determined together with the question of possession and right of possession, and that the question of title cannot be excluded or

eliminated from the case, but must be determined by the court or jury before this case can be determined. That the question of title is, therefore, necessarily involved, and must be determined herein.''

Appellants' argument at this point is to the effect that the appellees held the legal title to the property, and appellants acquired an equitable right therein, under the contract of sale; that, in order to divest the appellants of their interest in the property and reinvest the full legal title in appellees, it was necessary for appellees to serve a notice of forfeiture and to proceed in the manner pointed out by the statute; that the question as to whether said forfeiture was legal and whether or not the title to the premises had been legally reinvested in the appellees was necessarily in the case, and hence a question of title was involved.

The petition alleged that the appellee Norman L. Cassiday ''now is and at the times herein referred to was the owner of the legal title to the real estate'' in question. The appellants' answer admitted this allegation, and also the allegations respecting the execution of the contract and its assignment to the appellants, and that they had failed to make certain payments on the contract and certain taxes, and that notice of forfeiture was served on them, as alleged. In a separate division, the appellants denied that the notice of forfeiture was served as required by law, and alleged that said notice specified payments as to which they were not in default, and that said notice of forfeiture was therefore illegal, and has no force and effect. Under the issues tendered in this case, no question of the title to the premises in question was involved. Appellants did not have or claim any title to the premises. They had held an equitable interest therein, under their contract. The appellees held the legal title to the premises at all times. The appellants so admit by the allegations of their answer. The appellants did tender an issue in the case as to whether or not such steps had been taken as forfeited their rights under their contract and therefore gave to the appellees the right to immediate possession of the premises. The question of the *right to immediate possession* of the premises is the very gist of the issue in the action of forcible entry and detainer. No question of the title to the premises, however, was involved, under

the issues. The title rested in the appellees. The right of possession of the premises under the contract had been in the appellants. Whether or not that *right of possession* had terminated by reason of the forfeiture of the contract was a proper question for determination in this action of forcible entry and detainer. This, however, under the issues, did not involve the determination of a question of title. The court did not err in refusing to transfer the cause to the district court.

II. The question of the jurisdiction of the court to entertain an action of forcible entry and detainer under the facts of this case is raised. It is contended that the cause does not fall within any of the provisions for the remedy of forcible entry and detainer, as specified in Code Section 12263.

Appellants contend that the case does not come within any of the classifications named in said section whereby the summary action of forcible entry and detainer can be maintained, and that appellees' right of action, if any, is a suit for ejectment or an action of right. The question is not an open one in this jurisdiction. It was before us in the case of *Putnam v. McClain,* 198 Iowa 287, wherein the contract was practically identical with the contract in the case at bar. Four options were provided in the contract as available to the vendor in the event of a default in payment by the vendee in possession. We recognized the rule that, as between a vendor and vendee, the relation of a vendee to his vendor is that of a quasi tenant, and that, in determining the rights and liabilities of the parties in an action of this kind, the principles applicable to the relation of landlord and tenant have been applied. In that case, as in the one at bar, the contract did not specifically state that the relation of landlord and tenant shall exist after a termination of the contract, nor, in terms, that the payments made are to be rent. As in the *Putnam* case, the contract in the case at bar provides that the payments "shall be taken as compensation for the use of said property." In the *Putnam* case we held that the vendee was holding over after the termination of the contract and contrary to its terms, and had no right to the possession of the premises at the time the action was begun, and that, therefore, the action of forcible entry and detainer would lie. The *Putnam* case is controlling upon this proposition in the instant case.

III. Appellants contend that, under the record of proceedings above set forth, the appellees did not effectively forfeit the appellants' contract prior to beginning this action. The particular point stressed is that the notice of forfeiture in the instant case was served on May 31, 1928, at the same time that the appellees served the first three days' notice to quit, and that appellees thereafter prosecuted the former case, during the said 30-day period. Appellants' contention is that the appellees occupied an inconsistent attitude in serving a three days' notice to quit in connection with the first notice of forfeiture of February 6, 1928, and in prosecuting the former action, and, while so doing, claiming a second forfeiture under the new notice.

We cannot concur in appellants' contention at this point. The appellants were in default on February 6, 1928, when the first notice of forfeiture was served. They had not made that default good on May 31, 1928, when the three days' notice to quit was served. On the same day, appellees served a new notice of forfeiture for default in payments that had become due since the former defaults and notice. The first notice of intention to forfeit the contract was for defaults in the payments due for November and December, 1927, and for January and February, 1928. After the first notice had been served, a portion of said payments was made. On May 31, 1928, the appellants were delinquent for a portion of the February, 1928, payment, and for the payments for the months of March, April, and May of 1928. The waiver of one default does not operate as a waiver of subsequent defaults. *Westerman v. Raid,* 203 Iowa 1270; *Janes v. Towne,* 201 Iowa 690; *Benakis v. Damas,* 193 Iowa 534. And it is also true that the acceptance of partial payment of an amount due under a real estate contract does not operate as a waiver to enforce a forfeiture of said contract for failure to pay the balance that is due. In order to avoid the effect of the forfeiture, it is essential that the vendee in such a contract shall make full performance by payment of the amount due, and not by payment of a part thereof. *Janes v. Towne,* supra; *Jewell v. Logsdon,* 200 Iowa 1327; *Collins v. Nagel,* 200 Iowa 562. Of course, there might be such conduct on the part of the vendor as to entrap, deceive, or mislead the vendee, or the vendor might waive the right subsequently to enforce the forfeiture, or he might be

estopped to insist thereon. *Mintle v. Sylvester*, 202 Iowa 1128. But the record in the instant case does not present such a situation. The appellants were in default at the time of the service of the second notice of intention to forfeit the contract. Forfeiture under said notice was not waived by any act of the appellees'.

We find no basis in the record upon which to predicate a conclusion that the appellees could not maintain the instant action by reason of any proceedings had in connection with the former case.

We find no error requiring interference on our part, and the judgment of the trial court is—*Affirmed.*

ALBERT, C. J., and EVANS, DE GRAFF, KINDIG, and WAGNER, JJ., concur.