JOE MUSIC et al., Appellees, v. W. P. DELONG et al., Appellants.

No. 40097.

MARCH 11, 1930.

*Francis L. Meredith,* for appellants.

*C. H. Miller,* for appellees.

KINDIG, J.—On November 16, 1927, the plaintiffs-appellees, Joe Music and Victoria Music, husband and wife, as vendors, sold to the defendants-appellants, W. P. DeLong and Ella De-Long, husband and wife, as vendees, Lots 14, 15, and 17 of Highland Acres, in Polk County. The consideration named in the sale contract was $7,500. To satisfy $1,700 of that amount, the appellants, at the time the sale contract was executed, conveyed to appellees certain real estate in Des Moines, valued at said sum, and the remaining $5,800 was payable at the rate of $150 on August 15, 1928, $300 on August 15, 1929, and $300 on each August 15th thereafter.

Upon the execution and delivery of the sales contract, the

appellants, as purchasers, went ·into possession of the aforesaid lots in Highland Acres. Thereafter, however, the appellants paid none of the deferred installments on the purchase price. So, on January 21, 1929, the appellees served upon appellants a written notice of forfeiture, because there were due and unpaid interest and principal in the sum of $443.50.

Following the foregoing notice of forfeiture, the appellees, on March 30, 1929, caused to be served upon appellants a three-day notice to quit. Then, on April 3, 1929, the appellees filed in the municipal court a petition of forcible entry and detainer. Appellants, on April 9, 1929, filed a special appearance denying the jurisdiction of the court. Regardless of that, however, on April 10th the appellants filed an answer containing a general denial, and immediately thereafter, on the same day, they moved to transfer the cause to the district court. Subsequently, on April 11th, the appellants amended their answer, alleging that the forfeited contract was procured by fraud. This allegation concerning fraud was not set forth as a complete defense, but for the purpose of showing that there was an equity action pending in the Polk County district court, wherein such fraud was asserted as a basis for a rescission of the contract in question. Motions attacking pleadings and motions to transfer to the district court were made. More particular discussion will be made of these subjects hereafter.

A jury was demanded by the appellants; but after the introduction of evidence, and in view of certain admissions, a motion for a directed verdict in plaintiffs' favor was sustained. Judgment was accordingly entered, and from this the appellants appeal.

I. At the outset, appellants urge that forcible' entry and detainer will not lie to determine the possession of real estate after forfeiture of the purchase contract. Their theory is that  such status does not give rise to a subject-matter over which a court has jurisdiction in forcible entry and detainer. This point, however, previously has been determined adversely to appellants' claim. *Putnam v. McClain*, 198 Iowa 287; *Cassiday v. Adamson*, 208 Iowa 417. The contracts reviewed in the cited cases are similar to the one involved in the

case at bar. A repetition of the discussion contained in the cases cited is unnecessary at this time.

II. Next, it is said that, even though the court does have jurisdiction, yet forcible entry and detainer will not lie, because there was in fact no forfeiture. Basis for this statement is predicated upon the thought that approximately  70 days elapsed from the service of the forfeiture notice before the petition was filed in this cause. Hence appellants maintain that, under Section 12279 of the 1927 Code, there is a bar to the forfeiture. That section relates to the service of notices for the purpose of terminating tenancies in forcible entry and detainer actions. Consequently, it has no application to the particular point raised by appellants. They do not object because a three-day notice instead of a thirty-day notice was served in this cause, but rather, it is their theory that there is no forfeiture because the statute aforesaid prevents the same after said lapse of time.

Manifestly this argument is not well founded, because, as previously indicated, the statute has no relationship to the forfeiture at all. Distinction must be recognized between the completion of a forfeiture, as known in the statute relating to real estate, and the termination of a tenancy preliminary to an action in forcible entry and detainer. If the forfeiture is once completed, within the terms of the statute relating thereto, it remains a forfeiture ever after, unless set aside by a court of competent jurisdiction for good cause shown, or otherwise overcome. Whether the notice in this case should have been for thirty days, rather than three, as a prerequisite to bringing this action of forcible entry and detainer, we do not now decide. Such is not the proposition presented by the appellants, either in their errors relied upon for reversal or in their motions made and pleadings filed in the municipal court. Their objection to the record relates, not to the notice, but to the proposition that because of the delay the forfeiture is entirely barred.

Unquestionably, under the circumstances, the lapse of time revealed here did not affect the forfeiture, although on some occasions it might bar an action to determine possession by forcible entry and detainer.

III. A special appearance was filed by the appellants in

1072

the court below, wherein they set forth several objections to the court's jurisdiction. Later, they filed an answer, and thereby  appeared generally. Said general appearance amounted to a waiver of the special appearance, and the special cannot be considered after the general appearance. *Crouch v. National Livestock Rem. Co.*, 205 Iowa 51; *Scott v. Price Bros. Co.*, 207 Iowa 191.

IV. Exception is taken by appellants because the municipal court did not abate the action on the theory that there was another action pending in the district court, similar in its nature,  asking for the same relief. According to the record, however, that proceeding had been dismissed, and was not pending. Said proceeding in the district court thus dismissed was in forcible entry and detainer, and that action must not be confused with the suit in equity, also pending in the district court, wherein relief is sought by appellants from appellees' alleged fraud. This last-mentioned suit is repeatedly referred to in the discussion, and therefore the distinction is here pointed out, in order that confusion will be avoided.

V. Likewise, it is urged by the appellants that the cause should have been transferred to the district court, for the reason that the title to real estate is involved.

Appellants' answer in the case at bar does not raise an issue of title to real estate; but at this juncture, appellants refer to an action now pending in the district court between the same parties, wherein relief is sought from the appellees for the fraud aforesaid. Obviously, however, regardless of the issues in the district court proceeding, title is not involved in this forcible entry and detainer action. Here "fact of possession" alone is material. Title, except as a mere incident, is not concerned. *State Exch. Bank v. Iblings,* 190 Iowa 1045; *Cassiday v. Adamson* (208 Iowa 417), supra; *Cagwin v. Chicago & N. W. Ry.,* 114 Iowa 129; *Delmonica Hotel Co. v. Smith,* 112 Iowa 659. In *State Exch. Bank v. Iblings,* supra, we said, reading on page 1049:

"The fallacy of this claim [that a forcible entry and de

tainer judgment was a bar to a future action in which title or right of property was involved] is in the [claim] that 'the plaintiff was adjudicated to have the *right of possession* of the property in question.' The action of forcible entry and detainer is a summary proceeding, and the only question involved is the fact of possession. This action cannot be made a substitute for an action of right. * * * The *right of possession* cannot be determined in an action of forcible entry and detainer. The question involved is the fact of possession, not the right.''

Right of possession or title to the real estate was in no way involved in the present proceeding. There was but one issue,— namely, fact of possession. The other action pending in the district court, wherein relief was sought from appellees' fraud, of course, did not raise the question of title in this particular case. Although title may be involved in the district court proceeding, yet that is not true here. This action can have no direct effect upon the proceeding in the district court. Relief there, being different from that sought here, will not be barred by this proceeding. It does not appear that said action in the district court involved the question of possession, as does this suit. Forfeiture is not accomplished by the action at bar. Accomplishment of the forfeiture resulted through the notice thereof and the statutory proceeding provided therefor.

Wherefore, the municipal court properly refused the transfer of this cause to the district court.

VI. Complaint also is made because the trial court struck from appellants' amended answer matters relating to fraud in the inception of the contract. It is said that such pleaded matter was material: First, because the fraud reduced the deferred payments under the contract to a point where there was nothing due at the time of forfeiture; and second, because the pleaded fraud showed the pendency of an action for rescission in the district court, and that the present proceeding should have been stayed until the conclusion of the action in the district court. Said district court action was commenced before the forfeiture notice was served in this case.

This theory is advanced upon the idea that, if the appellants succeeded in the district court in rescinding the contract, there

in fact would be no contract. Consequently, in legal effect, there would be no default, and in such event, forfeiture would not lie. Our consideration is directed to those propositions in the order named. Attention is first given to appellants' thought that the fraud reduced the deferred payments, so there was nothing due at the time of forfeiture. No contention was made by appellants in their pleading, however, that the consideration through the fraud would be reduced to nothing. They say in their answer that the property was not worth $7,500, but only $2,500. Resultantly, according to their own idea, there was still something due under the contract when the forfeiture was declared. $1,700 was the only amount paid by appellants, and the sum due under the contract at the time of forfeiture was $443.50. By adding the $1,700 thus paid to the $443.50 due, the aggregate amount would still be something less than $2,500. $443.50 being due and unpaid under the contract, there was a default, subject to the statutory forfeiture, regardless of the alleged fraud aforesaid. Upon this subject there is no dispute in the evidence, and the municipal court was justified in finding the same true, as a matter of law.

Referring now to the second proposition urged by appellant under this subject-matter, it is apparent that the cause should not have been stayed or abated, because there was no pleading on appellants' part asking for an abatement or a stay. Without a pleading of that nature asking for such relief, the redress cannot be granted. In fact, no request of any kind was made for a stay. No error appears, then, upon either ground asserted by appellants as to why the district court should not have stricken the answer.

VII. In ruling upon the motion for a directed verdict, the municipal court relied upon certain admissions of appellants'. One was to the effect that the copy of the real estate contract  admitted into the record was true and correct. Appellants allege that the concession was not made by them. For the purpose of showing this fact, they prepared a bill of exceptions, and submitted it to the judge of the trial court. That official refused to affix his signature. Therefore, in order to make the additional record available, appellants prepared the necessary attestation clauses for bystanders, and had the same

signed by two purported bystanders, who pretended to attest, as required by law. These bystanders, however, were the appellants themselves, who were the defendants in the action. Plainly they were not bystanders, as contemplated by Section 11545 of the 1927 Code. "Bystander," according to Webster's New International Dictionary, means: "One who stands near; one present, but not taking part. * * * Synonyms: Looker-on, spectator, beholder, observer."

An attorney for the party has been held not to be a bystander. *Hornish v. Overton*, 206 Iowa 780. If an attorney is not a bystander, merely because he is a representative of the parties, it is obvious that they themselves are not bystanders. *State v. Jones*, 102 Mo. 305 (14 S. W. 946); *Gay Oil Co. v. Akins*, 100 Ark. 552 (140 S. W. 739); *Walker v. State*, 88 Tex. Cr. 389 (227 S. W. 308); *Hunt v. State*, 89 Tex. Cr. 89 (229 S. W. 869). Without the necessary bill of exceptions, therefore, we are compelled to rely upon the record as set forth in the remaining abstract and the amendment thereto. The amended abstract supports the trial court's findings concerning appellants' agreement that the copy of the contract was true and correct. There being no conflict in the evidence, the directed verdict was proper.

Wherefore, the judgment of the district court is affirmed.— *Affirmed.*

Morling, C. J., and Stevens, Albert, and Grimm, JJ., concur.

Evans and Faville, JJ., took no part.