Eugene C. WARREN, Appellant,

v.

Max YOCUM and Donna Yocum, Appellees.

No. 55942.

Supreme Court of Iowa.

Nov. 13, 1974.

The agreed purchase price was $7950, payable $75 on the 5th of each month. The contract provided, inter alia, times of payment and performance of other conditions were of the essence and in event of any default the vendors could at their option, on 30 day notice, forfeit all rights of vendees including any payments made.

April 1 vendees took possession and so remained at trial time.

April 16 and April 26, 1971, notices of forfeiture were served on Donna and Max Yocum respectively.

May 20, absent redemption by vendees, a declaration of forfeiture was filed by vendor in the Johnson County Recorder's office.

June 16 a three day termination of tenancy notice was given by plaintiff (Warren) to defendants (Yocums).

June 30 an action at law was commenced by Warren for removal of Yocums from the property.

July 27 Yocums moved to dismiss and alternatively for transfer of the case to equity. In the absence of any response by Warren the cause was transferred to equity with ruling reserved on the aforesaid dismissal motion.

The same day Yocums filed answer to which Warren replied.

By their motion to dismiss, and answer, defendants assert plaintiff is not entitled to benefit of forfeiture of the contract because (1) no notice thereof was given a party in possession; (2) plaintiff did not hold marketable title to the realty; (3) unjust enrichment would flow to plaintiff due to appreciation of land value; and (4) plaintiff has, in any event, waived right to terminate the contract.

Defendants further alternatively allege plaintiff cannot have benefit of a forcible entry and detainer action since he (1) failed to terminate defendants' tenancy on 30 days notice as required by law and (2) did not commence an action for possession

Honohan, Epley & Lyon, Iowa City, for appellant.

W. H. Bartley, Iowa City, for appellees.

Submitted to MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REYNOLDSON, JJ.

RAWLINGS, Justice.

Plaintiff appeals from an adverse adjudication entered in a forcible entry and detainer action. We affirm.

March 11, 1961, Eugene Warren and wife, Adeline Warren, since deceased, as vendors, and Max and Donna Yocum, as vendees, entered into a written executory contract for the sale and purchase of lots 2–4, block 18, County Seat Addition to Iowa City.

within 30 days after accrual of the right thereto.

Execution of the contract is, however, admitted by defendants.

July 28, 1971, the cause proceeded to trial with issues joined as aforesaid.

September 23 trial court found plaintiff had fatally failed to serve notice of forfeiture on a party in possession, Dewey's Wrecker and Crane Service, and thereupon held for defendants. Since that determination was deemed dispositive, no other findings were made.

Plaintiff promptly moved for a new trial or for reexamination of an issue to which resistance was filed by Yocums.

November 2, after hearing was had, trial court overruled the above noted motions.

November 30 Warren gave notice of appeal.

In support of a reversal plaintiff contends, (1) Dewey's Wrecker and Crane Service was not a party in possession; (2) plaintiff-vendor was not required to prove he held marketable title; (3) a forcible entry and detainer action was proper under existing circumstances; and (4) such a proceeding was not barred by defendants' asserted peaceable possession for 30 days.

These contentions will be entertained in the order presented.

■ I. As previously indicated this case, though instituted as a law action, was transferred to and tried in equity. Therefore our review is de novo. See Wemer v. Long, 185 N.W.2d 243, 246 (Iowa 1971); First National Bank of Lenox v. Brown, 181 N.W.2d 178, 181 (Iowa 1970); Iowa R.Civ.P. 334.

It therefore follows we are called upon to resolve issues properly presented subject to the condition that error, if any, was preserved even though not passed upon by trial court. See State ex rel. Turner v. Younker Brothers, Inc., 210 N.W.2d 550, 567 (Iowa 1973); Lawse v. Glaha, 253 Iowa 1040, 1045, 114 N.W.2d 900 (1962). See also Iowa R.Civ.P. 179(a).

The task at hand is undertaken absent any written brief and argument on behalf of defendants.

■ II. The first question posed is whether Dewey's Wrecker and Crane Service (Dewey's) operated by Paul Eugene Paulson, was a party in possession and as such entitled to forfeiture notice regarding the Warren-Yocum contract.

The Code 1971, Section 656.2, says:

"Such forfeiture and cancellation shall be initiated by the vendor or by his successor in interest, by serving or causing to be served on the vendee or his successor in interest, if known to the vendor or his successor in interest, and on the party in possession of said real estate, a written notice which shall:

"1. Reasonably identify said contract, and accurately describe the real estate covered thereby.

"2. Specify the terms and conditions of said contract which have not been complied with.

"3. Notify said party that said contract will stand forfeited and canceled unless said party within thirty days after the completed service of said notice performs the terms and conditions in default, and, in addition, pays the reasonable costs of serving the notice."

And § 656.4 provides:

"The right to forfeit for breach occurring before said notice was served shall terminate if, prior to the expiration of the day for performance as specified in the notice, the party in default performs the terms and conditions as to which he is in default, and pays to the party not in default the reasonable cost of serving said notice."

As stated in 72 C.J.S., at 233: "Possession involves power of control and intent to control, and all the definitions contained in recognized law dictionaries indicate that the element of custody and control is involved in the term 'possession'."

Then, *id.* at 234, is this statement:

"In law, the term [possession] is defined as meaning an act, fact, or condition of a person having such control of property that he may legally enjoy it to the exclusion of others having no better right than himself; the physical control of a thing which belongs of right to unqualified ownership in such a manner as to exclude control by other persons."

"Possession" is also defined in Black's Law Dictionary at 1325 (rev. 4th ed. 1968): "That condition of facts under which one can exercise his power over a corporeal thing at his pleasure to the exclusion of all other persons." See also Starits v. Avery, 204 Iowa 401, 403, 213 N.W. 769 (1927). See generally Votruba v. Hanke, 202 Iowa 658, 660, 210 N.W. 753 (1926).

Mindful of the foregoing we look again to the record.

Dewey Petersen testified he owned Dewey's Wrecker and Crane Service prior to March 1, 1971, and had parked some three or four vehicles at various times on the aforesaid premises. Petersen stated, however, when he commenced using the property he did not know who owned it; there had never been any agreement, formal or informal, as to rent; and none was ever paid in any form.

Another witness, James Casey, co-owner of Dewey's from March 1 to August 1, 1971, testimonially stated that to his knowledge there had never been any agreement, by lease or otherwise, regarding compensation for the above mentioned use of said property.

Paul Eugene Paulson said he was employed by Petersen prior to March 1, 1971, but did not know when the latter commenced using the involved premises. Paulson also stated:

"We never had any arrangement with Mr. Yocum as to any price per month, rental type thing. It's been that we would do work for him in exchange for the use of the land and there was never any arrangement regarding any given specific length of time. I offered to purchase this property from him probably a month and a half ago by verbal offer. As far as the rent for the occupancy of the property, we haven't done anything for him since we have taken over. I did have one wrecker call that was with his cab but it was being used by somebody else and I wasn't going to charge him for it, but the other party was involved and they paid the bill on it. We had just an agreement between us that on any crane work or wrecker service that there really had been no price set on it."

In light of the foregoing we are persuaded Dewey's was not a party in possession. Trial court erred in holding otherwise.

III. As previously disclosed Yocums defensively alleged Warren did not hold a marketable title and therefore could not effectively terminate the contract.

More specifically, defendants assert that a "use restriction" disclosed by the abstract of title caused them to default. In support thereof it is argued a defaulting vendor cannot forfeit a contract even though the vendee be in like position. As best we can determine the nature of such alleged "use restriction" was not shown of record.

■ At the threshold it must be conceded a vendor in default cannot forfeit his contract. See Wemer v. Long, 185 N.W.2d at 247; Fulton v. Chase, 240 Iowa 771, 774, 37 N.W.2d 920 (1949).

But that principle is not here involved.

■ In the first place we find no substantial record evidence disclosing nonmarketability of title.

Moreover, as stated in McCubbin v. Urban, 247 Iowa 862, 864–865, 77 N.W.2d 36, 38 (1956):

"The general rule is that a title, which a vendor must furnish under an executory contract for the sale of land calling therefor, must ordinarily be good title as of the date when it is required by the con-

tract to be furnished. (Authorities cited)."

See also 55 Am.Jur., Vendor and Purchaser, § 270.

Further, with regard to the foregoing, the Warren-Yocum contract provides, in part:

"The parties of the second part shall be given the opportunity to examine and approve the abstract of title but the first party shall not be obligated to make any further extensions or corrections of same other than to show, upon full payment of the purchase price, entries caused by the parties of the first part and satisfaction of unassumed encumbrances shown by said examination or thereafter imposed by parties of the first part."

Therefore, as applied to the contract here involved, defendants' absence of marketable title contention is devoid of substance.

IV. This brings us to Yocums' assertion forcible entry and detainer will not lie since there existed, between the parties hereto, no relationship of landlord and tenant but rather that of vendor and vendee.

Inceptionally, we note this statement in Reed v. Gaylord, 216 N.W.2d 327, 332 (Iowa 1974):

"Forcible entry or detention will lie to determine the fact of possession of real estate after forfeiture of a contract to purchase. Putnam v. McClain, 198 Iowa 287, 199 N.W. 261; Cassiday v. Adamson, 208 Iowa 417; 224 N.W. 508, and Spangler v. Misner, 238 Iowa 600, 607–608, 28 N.W.2d 5, 8–9."

■ It is also generally understood the parties to an executory contract for sale of real estate, under which the vendee is given possession, may agree that on default in making stated purchase money payments the vendee in possession shall be deemed a tenant. See Putnam v. McClain, 198 Iowa 287, 289, 199 N.W. 261 (1924); 51C C.J.S. Landlord and Tenant § 15b.

■ Also, a post-forfeiture landlord-tenant status may be expressly or impliedly created by contract. See Putnam v. McClain, supra.

■ Furthermore, where such relationship is contractually provided it does not commence until there has been a vendor-initiated termination of the contract. See Putnam v. McClain, 198 Iowa at 290, 199 N.W. 261.

■ Here again reference to the involved contract discloses Yocums agreed, in event of forfeiture, to vacate the premises. It is also thereby further stipulated that upon their failure to do so "they may be treated as tenants holding over unlawfully after the expiration of a lease, and may be ousted and removed as such."

Unquestionably plaintiff, by service upon defendants of the June 16, 1971 termination of tenancy notice, elected to treat the latter as tenants holding over unlawfully. Consequently, plaintiff had standing to initiate and pursue an action in forcible entry and detainer.

V. The question now to be resolved is whether defendants were in such peaceable possession of the premises as to preclude the summary remedy here sought by plaintiff.

Code § 648.18 says: "Thirty days peaceable possession with the knowledge of the plaintiff after the cause of action accrues is a bar to this proceeding."

Briefly stated, there is no need to consider other than the element of § 648.18, quoted above, regarding peaceable possession.

First to be determined is the relative status of the parties hereto.

This is dealt with generally in 3 Thompson on Real Property, § 1036 (1959 ed.), where the author states, in relevant part:

"The cancellation of the contract merely terminates the relationship of vendor and vendee, but the relation of landlord and tenant may thereafter arise. The relationship of landlord and tenant does not arise where the vendee forfeits his interest under the contract unless there is an

express stipulation in the contract that such relationship shall arise and since the character of an occupancy may be determined by a condition subsequent, so that the happening of a future event will determine whether the occupant of land holds in the capacity of a tenant or as a purchaser. An election may be given one party to choose whether the relationship shall be that of landlord and tenant or of vendor and vendee. On a contract for the sale of lands, the parties may, by express stipulation, agree that on default being made in the payment of the purchase money, the contract shall be treated as a lease, the option being reserved to the purchaser in the first instance, and passing to the vendor on his failure to elect. When an election is made to treat it as a lease, it relates back to the time when the contract was made, and creates the relation of landlord and tenant from that day with all its incidents."

It would therefore appear that Warren's June 16, 1971 notice to quit served generally to establish a leasehold relating back to date of the executory contract, and Yocums were thereafter tenants at sufferance. See 49 Am.Jur.2d, Landlord and Tenant, § 81; 51C C.J.S. Landlord and Tenant §§ 175–176.

Looking now to Code § 648.18, quoted above, it clearly says a tenant's peaceable possession for 30 days after accrual of the landlord's right of action may bar the latter from having benefit of forcible entry and detainer relief.

We must therefore determine when Warren's possessory right of action accrued.

It could not be the contract forfeiture notice time or times since defendants had 30 days thereafter within which to perform the defaulted terms or conditions.

From this it perforce follows, and we now hold, Warren's right of action accrued upon expiration of the 30 day period following the giving of his last forfeiture notice. This means peaceable possession by Yocums commenced on the effective date thereof. See in this regard Code § 4.1(23).

At cost of some repetition we again refer to the record. It reveals (1) plaintiff's aforesaid forfeiture notice was given April 26, 1971; (2) the contract stood forfeited 30 days thereafter; (3) the instant possessory action was not commenced until June 30, 1971.

■ But on June 16, 1971, plaintiff gave defendants a three day notice to quit. This is of no consequence, however, since we have repeatedly held the service of such notification does not interrupt peaceable possession. See Thomas v. Brodsack, 215 N.W.2d 503, 505 (Iowa 1974), and citations.

■ Under these circumstances it is apparent Yocums had peaceable possession of the property here concerned, with plaintiff's knowledge, for more than 30 days after Warren's right of action accrued.

Therefore, plaintiff's possessory cause was barred under Code § 648.18, thus mandating a dismissal of this case.

Although trial court held for defendants upon another ground we agree with the result reached. See In Re Estate of Staab, 192 N.W.2d 804, 808 (Iowa 1971).

Affirmed.

All Justices concur, except LeGRAND, J., who dissents.