Gene ROBINSON and Lorli
Robinson, Appellees,

v.

Cheri BLACK, Appellant,

and

Mike Rowberg, Defendant.

No. 98–0842.

Supreme Court of Iowa.

March 22, 2000.

Frank Cal Tenuta, Sioux City, for appellant.

James C. Ladegaard and Gregg L. Owens of Ladegaard, Maahs & Owens, Spirit Lake, for appellees.

LAVORATO, Justice.

Gene Robinson and Lorli Robinson forfeited a real estate contract under which they were vendors and Cheri Black was the vendee. The Robinsons thereafter filed a forcible entry and detainer action in small claims court to recover possession of the real estate, which was the subject of the real estate contract. The small claims court entered an order granting the Robinsons possession. On appeal, the district court upheld the decision. We granted Black's request for discretionary review. Because we conclude there was no statutory basis for the Robinsons' forcible entry and detainer action, we vacate the decision of the district court.

The Robinsons and Black entered into the real estate contract on September 12, 1996. Under the contract, the Robinsons sold Black a farm.

On January 7, 1999, the Robinsons served a notice of forfeiture on Black. At the time, Black was residing on the farm. The notice alleged a delinquency of $1052.42—two monthly payments of $418.71 and real estate taxes of $215 that were due.

On February 9 the Robinsons filed an "affidavit in support of forfeiture of real estate contract" with the county recorder. The affidavit stated that the real estate contract specifically provided for the forfeiture of Black's rights in the contract in accordance with Iowa Code chapter 656.

On February 11 the Robinsons served Black with a notice to quit, claiming Black was continuing in possession of the farm after the contract was forfeited. On February 17 the Robinsons filed a forcible entry and detainer action in small claims court.

A week later, the matter came on for hearing. Black testified that, because the thirtieth day—the final day to cure the default—fell on a Saturday, she thought she had until the following Monday to cure the default. Black tendered the money to the Robinsons on Monday, but the Robin-

sons refused to accept the payment. The contract was never offered into evidence.

The small claims court found for the Robinsons and entered an order granting them possession of the property. The court also ordered the clerk of court to issue a writ of possession directing removal of Black from the premises.

Black appealed to the district court. The court affirmed the decision of the small claims court, concluding that Black had not cured the default within thirty days of the default notice.

The district court also concluded that equity did not prohibit forfeiture in this case. Noting that the real estate contract had not been admitted into evidence, the court nevertheless inferred from the evidence that the contract called for two $10,000 payments in addition to the monthly payments. The court expressed reluctance to uphold the forfeiture when Black had already paid more than $20,000 to the Robinsons. However, relying on prior cases, the court concluded that the forfeiture was proper.

On appeal to us, Black raises three issues. She first contends the remedy of forcible entry and detainer (FED) is not available to the seller after forfeiture of a real estate contract. Second, she contends that, even assuming the remedy is available, the small claims court does not have subject matter jurisdiction to hear such cases. This is so, she says, because title is always in issue, and only the district court has jurisdiction to hear such issues. Last, Black contends that, on the merits, the forfeiture should not be upheld because she paid over $20,000 on the contract, and she simply miscalculated her deadline for curing the default.

Because we hold that under the facts here the FED remedy was not available, we restrict our discussion to the first issue.

## I. Availability of the FED Remedy in Forfeiture of Real Estate Contract Cases.

Iowa Code chapter 648 governs the FED remedy. Iowa Code section 648.1 (1997) lists the grounds for which the remedy is allowable. It provides:

A summary remedy for forcible entry or detention of real property is allowable:

1. Where the defendant has by force, intimidation, fraud, or stealth entered upon the prior actual possession of another in real property, and detains the same.

2. Where the lessee holds over after the termination of the lease.

3. Where the lessee holds contrary to the terms of the lease.

4. Where the defendant continues in possession after a sale by foreclosure of a mortgage, or on execution, unless the defendant claims by a title paramount to the lien by virtue of which the sale was made, or by title derived from the purchaser at the sale; in either of which cases such title shall be clearly and concisely set forth in the defendant's pleading.

5. For the nonpayment of rent, when due.

6. When the defendant or defendants remain in possession after the issuance of a valid tax deed.

Iowa Code chapter 631 governs small claims actions. Relative to the FED remedy, Iowa Code section 631.1(2) provides:

The district court sitting in small claims shall have concurrent *jurisdiction* of an action for forcible entry and detainer which is based on those grounds set forth in section 648.1, subsections 1, 2, 3 and 5.

(Emphasis added.)

The district court sitting in small claims therefore has jurisdiction for FED actions only in the following instances:

1. Where the defendant has by force, intimidation, fraud, or stealth entered upon the prior actual possession of another in real property, and detains the same.

2. Where the lessee holds over after the termination of a lease.

3. Where the lessee holds contrary to the terms of the lease.

4. For the nonpayment of rent, when due.

There is no contention that Black has by force, intimidation, fraud, or stealth entered upon the Robinsons' prior actual possession. That leaves the remaining three grounds, all of which implicate a landlord-tenant relationship. The question then becomes whether a real estate contract per se creates a landlord-tenant relationship. According to one writer the answer is no:

A situation where the factual situations are similar but the legal relationships quite different is the vendor-vendee concept and the landlord-tenant relationship.

A vendee who goes into possession under a contract of sale with the vendor does not thereby become a tenant of the vendor even though the sales contract may never be completed. Therefore, no promise to pay rent for the use of the premises during such period will be implied, and the statutory process for a landlord to recover possession cannot be maintained.

3 George W. Thompson, *Commentaries on the Modern Law of Real Property* § 1036, at 131 (1980).

Can such a relationship ever arise from a real estate contract? According to the same writer, the answer is yes:

The cancellation of the contract merely terminates the relationship of vendor and vendee, but the relation of landlord and tenant may thereafter arise. After forfeiture of a sales contract the landlord-tenant status may arise.

The relationship of landlord and tenant does not arise where the vendee forfeits his interest under the contract unless there is an express stipulation in the contract that such relationship shall arise and the character of the occupancy may be determined by a condition subsequent, so that the happening of a future event will determine whether the occupant of the land holds in the capacity of a tenant or as a purchaser.

An election may be given one party to choose whether the relationship shall be that of landlord and tenant or of vendor and vendee. On a contract for the sale of lands, the parties may, by express stipulation, agree that on default being made in the payment of the purchase money, the contract shall be treated as a lease, the option being reserved to the purchaser in the first instance, and passing to the vendor on his failure to elect. When the election is made to treat it as a lease, it relates back to the time when the contract was made and creates the relation of landlord and tenant from that day with all its incidents.

*Id.* at 136–37; *see Warren v. Yocum,* 223 N.W.2d 258, 262–63 (Iowa 1974) (quoting same passage with approval).

This court has long recognized that a vendor who has forfeited a real estate contract can bring a forcible entry and detainer action only if the contract expressly or impliedly creates a landlord-tenant relationship upon forfeiture. In *Yocum* and *Spangler v. Misner,* the court recognized the rule. Both cases are examples of a contract expressly creating a landlord-tenant relationship upon forfeiture. *See Yocum,* 223 N.W.2d at 262 (contract provided that, in event of forfeiture vendees agreed to vacate the premises and upon vendees' failure to do so, "[the vendees] may be treated as tenants holding over unlawfully after the expiration of a lease, and may be ousted and removed as such"); *Spangler v. Misner,* 238 Iowa 600, 609–10, 28 N.W.2d 5, 9–10 (1947) (contract provided that, in event of default, vendee was to be treated as a tenant holding over unlawfully after the expiration of lease and could be ousted and removed as such).

*Music v. De Long, Cassiday v. Adamson,* and *Putnam v. McClain* are examples of a contract impliedly creating a landlord-tenant relationship upon forfeiture. In each of these cases, the contract (1) gave

the vendor the right to go into possession upon the forfeiture and (2) allowed the vendor to keep the payments made by the vendee as compensation for the use of the property. From these two terms, this court implied a landlord-tenant relationship even though the contract neither used terms creating such a relationship nor expressly provided for the reservation of rent. *See Music v. De Long*, 209 Iowa 1068, 1070–71, 229 N.W. 673, 675 (1930); *Cassiday v. Adamson*, 208 Iowa 417, 420, 224 N.W. 508, 509 (1929); *Putnam v. McClain*, 198 Iowa 287, 291, 199 N.W. 261, 262 (1924).

Here, the real estate contract was not in evidence. We therefore have no way of knowing whether the contract expressly or impliedly provided for a landlord-tenant relationship upon forfeiture. Lacking such proof, we cannot say that the district court sitting as a small claims court had jurisdiction to hear this case.

## II. Disposition.

Because the district court sitting as a small claims court had no jurisdiction to hear this case, we must vacate the decision of the district court upholding its decision.

**DISTRICT COURT DECISION VACATED.**

All justices concur except CARTER, J., who takes no part.