# IN THE COURT OF APPEALS OF IOWA

No. 13-1349
Filed July 30, 2014

STEVEN B. BASSMAN AND PENNY A. BASSMAN,
    Plaintiff-Appellee,

vs.

DENISE AARON,
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Denise Aaron appeals the district court's grant of the forcible entry and detainer petition. **AFFIRMED.**

Valerie Cramer of Cramer Law P.L.C., Des Moines, for appellant.

Timothy J. Van Vliet of Wetsch, Abbott & Osborn, P.L.C., Des Moines, for appellee.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**VOGEL, P.J.**

Denise Aaron appeals the district court's grant of a forcible entry and detainer petition, following the vendors' forfeiture of a real estate contract. Aaron asserts she should have been served a thirty-day notice to terminate a holdover tenancy rather than a three-day notice to quit. Therefore, she claims the district court did not have "jurisdiction" to proceed with the forcible entry and detainer action. We conclude that, because Aaron did not present any arguments before the district court, she has waived this issue. We also conclude the proper procedure was followed, and the court had the authority to proceed. Consequently, we affirm.[1]

On November 15, 2012, Aaron entered into an installment real estate contract with Steven and Penny Bassman to purchase a property in Des Moines.[2] Relevant portions of the contract following forfeiture state: "Parties in possession shall at once peacefully remove therefrom, or failing to do so may be treated as tenants holding over, unlawfully after the expiration of a lease, and may be accordingly ousted and removed as such as provided by law." Aaron failed to make the installment payments as required under the terms of the contract. The Bassmans caused a notice of forfeiture to be served on Aaron on June 15, 2013, and because the default was not cured within thirty days, an affidavit in support was recorded on July 23. A three-day notice to quit was

---

[1] The Bassmans filed a motion to dismiss the appeal based on the issue of mootness. Because Aaron attacks the jurisdiction of the district court, we will address the merits.
[2] The real estate was two parcels, 4040 6th Avenue and 4040 ½ 6th Avenue, Des Moines, Iowa.

served on July 22, and a forcible entry and detainer petition was filed on July 29. Notice of the petition was served on August 7.

A hearing was held on August 20, 2013, after which the district court entered judgment for possession of the real estate in favor of the Bassmans. Aaron appeals, arguing the contract stated she would become a holdover tenant following forfeiture of the contract, which she asserts would require a thirty-day notice, as opposed to the three-day notice she received. Consequently, she contends, the district court did not have jurisdiction to enter its order of possession. The Bassmans respond by contending Aaron failed to preserve error, the issue is now moot because she has vacated the premises, and the proper procedure under Iowa law was followed placing them in possession.

Because a forcible entry and detainer action is tried in equity, our review is de novo. *Sunset Mobile Home Park v. Parsons*, 324 N.W.2d 452, 454 (Iowa 1982). To the extent we are reviewing the interpretation of statutes, even in equity, our review is for correction of errors at law. *State ex rel. Lankford v. Allbee*, 544 N.W.2d 639, 640 (Iowa 1996).

Aaron claims the district court did not have "jurisdiction" to hear the case. However, the district court has subject matter jurisdiction to hear forcible entry and detainer actions. Iowa Code § 648.5(1) (2013). Claiming she was not properly served with termination of a holdover tenancy, Aaron is actually asserting the district court did not have "authority" to hear the case. Unlike subject matter jurisdiction, "authority" can be waived. *See State v. Mandicino*, 509 N.W.2d 481, 482 (Iowa 1993) (explaining the difference between subject matter jurisdiction and the court's authority to entertain a particular case).

Because Aaron did not present any arguments before the district court concerning notice and the district court's authority to hear this forcible entry and detainer action, she waived the argument now presented on appeal. *See id.* at 483 ("But where subject matter jurisdiction exists, an impediment to a court's *authority* can be obviated by consent, waiver or estoppel.").

Regardless of the waiver issue, Aaron's claim fails on the merits. The forfeiture was complete when Aaron did not cure the default after the thirty days following service of the notice of forfeiture. *See* Iowa Code § 656.2; *Gottschalk v. Simpson*, 422 N.W.2d 181, 183 (Iowa 1988) ("[N]othing is required to complete a forfeiture except the passage of the thirty days after notice."). The Bassmans then filed an affidavit of forfeiture pursuant to Iowa Code section 656.5.

Moreover, in the event of a forfeiture, the contract between Aaron and the Bassmans stated: "Parties in possession shall at once peacefully remove therefrom, or failing to do so may be treated as tenants holding over, unlawfully after the expiration of a lease . . . ." This language created, however temporarily, a landlord-tenant relationship. As noted in *Robinson v. Black*, 607 N.W.2d 676, 678 (Iowa 2000): "This court has long recognized that a vendor who has forfeited a real estate contract can bring a forcible entry and detainer action only if the contract expressly or impliedly creates a landlord-tenant relationship upon forfeiture." *See also Warren v. Yocum*, 223 N.W.2d 259, 262–63 (Iowa 1974) (holding where the contract expressly created a landlord-tenant relationship following forfeiture, a forcible entry and detainer action was properly brought, along with the three-day notice to quit); *Reed v. Gaylord*, 216 N.W.2d 327, 332

(Iowa 1974) ("Forcible entry or detention will lie to determine the fact of possession of real estate after forfeiture of a contract to purchase.").

The forcible entry and detainer action may be brought when "the lessee holds over after the termination of the lease." Iowa Code § 648.1(2). Before that action can be commenced, the defendant must be served a three-day notice to quit.[3] *Id.* § 648.3(1). Here, the three-day notice to quit was properly and timely served upon Aaron. Consequently, pursuant to the contractual term and Iowa Code section 562A.34(4),[4] the Bassmans properly brought an action for possession, following the completion of the forfeiture action under chapter 656. *See Jensen v. Schreck*, 275 N.W.2d 374, 384 (Iowa 1979) (following this notice procedure). We therefore affirm the district court's order granting the Bassmans possession of the real estate.

**AFFIRMED.**

---

[3] We note that a forcible entry and detainer action pursued under Iowa Code section 648 and a forfeiture action brought under chapter 656 are procedurally different, with separate notice requirements. As the court in *Music v. De Long*, 229 N.W. 673, 675 (Iowa 1930) held:

> Distinction must be recognized between the completion of a forfeiture, as known in the statute relating to real estate, and the termination of a tenancy preliminary to an action in forcible entry and detainer. If the forfeiture is once completed within the terms of the statute relating thereto, it remains a forfeiture ever after, unless set aside by a court of competent jurisdiction for good cause shown, or otherwise overcome.

[4] Iowa Code section 562A.34(4) states:

> If the tenant remains in possession without the landlord's consent after expiration of the term of the rental agreement or its termination, the landlord may bring an action for possession and if the tenant's holdover is willful and not in good faith the landlord, in addition, may recover the actual damages sustained by the landlord and reasonable attorney's fees.