Nancy K. BETTIS, Appellee,

v.

Helen R. BETTIS, Appellant.

No. 2–56260.

Supreme Court of Iowa.

April 16, 1975.

Hugh W. Lundy, Albia, and Howard S. Life, Oskaloosa, for appellant.

Alfred M. Pabst, Albia, for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REES and McCORMICK, JJ.

LeGRAND, Justice.

The issue on this appeal is the validity of a notice of forfeiture of real estate contract served by Helen R. Bettis on Nancy K. Bettis and Charles Ronald Bettis under the terms of § 656.2, The Code, 1971. Charles Ronald Bettis does not appeal and all further references to the contract purchaser are to Nancy K. Bettis alone. The trial court held the notice to be ineffective and we affirm.

The case comes here in a peculiar way. It was started as part of a dissolution of marriage action between Nancy K. Bettis and Charles Ronald Bettis. Objection that this was a misjoinder of action prohibited by § 598.2, The Code, 1971, was overruled, and the two matters were separated for trial. See Wharff v. Wharff, 244 Iowa 496, 498, 499, 56 N.W.2d 1, 2, 3 (1952). No issue is raised on this appeal concerning that ruling and we review the case as tried below.

A summary of the facts is necessary to put this matter in proper prospective. Nancy K. Bettis and Charles Ronald Bettis were married March 12, 1961. Charles Ronald Bettis is the son of Helen R. Bettis. On October 24, 1968, Helen R. Bettis sold certain real estate in Monroe County to her son and daughter-in-law for $20,000 on a down payment of $3,270 with a provision that the balance should be paid in monthly installments of $100 beginning January 1, 1969.

Shortly thereafter, misfortune overtook Charles and Nancy, both in the form of serious injury to their daughter, which left her badly retarded, and also because of embezzlement charges against Nancy for which she was tried and acquitted in 1970.

During this trying time, Helen on several occasions told Nancy and Charles they should not worry about payments on the real estate contract "until they get back on their feet." She admits this, and it is undisputed there was a waiver of the time of payments under the contract.

In 1971 the marriage failed. Upon Nancy's petition for dissolution, a decree was entered dissolving the marriage and awarding Nancy the equity in the real estate contract. When it became apparent her son's marriage was doomed, Helen Bettis was no longer willing to forebear payments due under the contract. On July 15, 1971, she served the statutory notice advising Nancy the contract would stand forfeited unless the past due principal and interest, then totaling $3,074.73, were paid within 30 days.

This dispute is a narrow one. Under the circumstances above related, is the 30-day notice of forfeiture under § 656.2 alone

sufficient to forfeit Nancy's interest in the contract? Or, to put it another way, did such notice afford Nancy a reasonable opportunity to pay the installments due and owing upon Helen's withdrawal of the waiver of time of payment?

■ One who has waived the time for performance may, of course, withdraw the waiver if he then affords the other party a reasonable opportunity to perform the conditions of the contract which were waived. We have always recognized this equitable doctrine, and it is the rule in most other jurisdictions as well. 55 Am.Jur. §§ 625–630, pages 1017, 1021, 1023 (1946); 91 C.J.S. Vendor and Purchaser § 139, page 1078 (1955); Annot., Waiver of Forfeiture of Land Contract, 107 A.L.R. 345, 400 (1937); Annot., Land Contract-Waiver of Time Fixed—Effect, 4 A.L.R. 815, 822 (1919); Rubin v. Fuchs, 77 Cal.Rptr. 682, 686 (Cal. App.1969); Kammert Brothers Enter., Inc. v. Tanque Verde Plaza Company, 102 Ariz. 301, 428 P.2d 678, 682–683 (1967); Finn v. Glick, 42 N.J.Super. 514, 127 A.2d 204, 206–207 (1956); cf. Shoreham Developers, Incorporated v. Randolph Hills, Incorporated et al., 248 Md. 267, 235 A.2d 735, 741 (1967).

■ In Janes v. Towne,. 201 Iowa 690, 696, 697, 207 N.W. 790, 792 (1926) we discussed the doctrine and stated what is now § 656.2 was enacted in 1897 "in response to this rule of equity." We said, too, that the "long sufferance" of one entitled to payments did not forbid his subsequent demand for his money since he had waived only the punctuality, not the payment.

■ It is clear that Janes v. Towne, supra, is authority for the rule that notice of forfeiture is itself a notice of withdrawal of previous waiver or forbearance. However, that alone does not resolve the problem before us. The question still remains whether the 30-day statutory notice in *all circumstances* allows a reasonable opportunity for the performance of conditions previously waived. Although there is language in *Janes* which lends support to this argument and upon which Helen strongly

relies, several later cases limit the effect of *Janes* and clearly demonstrate the test is still the reasonableness of the notice given.

In Mintle v. Sylvester, 202 Iowa 1128, 1136, 211 N.W. 367, 372 (1926) this appears:

"We do not hold that 30 days' notice and time to perform would in all cases be reasonable, where because of absence or waiver of time of essence clause reasonable opportunity to perform must be afforded."

In the later case of Cassiday v. Adamson, 208 Iowa 417, 421, 224 N.W. 508, 510 (1929) in discussing the question of forfeiture we said this:

"In order to avoid the effect of the forfeiture, it is essential that the vendee * * shall make full performance by payment of the amount due and not by payment of a part thereof. * * * *Of course, there might be such conduct on the part of the vendor as to entrap, deceive, or mislead the vendee, or the vendor might waive the right subsequently to enforce the forfeiture, or he might be estopped to insist thereon.*" (Italics supplied.) (Citations omitted.)

The *Cassiday* case was partially overruled by Babbs, Inc. v. Babb, 169 N.W.2d 211, 214 (Iowa 1969), but not as to the emphasized part of the foregoing quotation.

■ We believe these cases clearly hold the statutory notice of forfeiture was not intended to preclude in all cases the right to additional time within which to bring previously waived payments to current status.

■ The circumstances of this case make that rule peculiarly applicable. At the time of sale, there was a close family relationship. When personal and financial disaster overtook the purchasers, the seller—the mother of one purchaser and the mother-in-law of the other—told them not to worry about making payments on time and that payments could be delayed until they got back on their feet. Under this arrangement, more than $3,000 of postponed pay-

ments piled up. Then apparently because of the breakup of her son's marriage, Helen was no longer willing to forego payments. She had a perfect right to reach this decision and to enforce it. However, she could do so only upon notice to Nancy that payments would no longer be deferred and upon giving her a reasonable opportunity to pay the waived installments.

Limiting our holding to the special circumstances of this case, and for the reasons already stated, we hold the notice served on Nancy did not give her that reasonable opportunity and consequently did not operate to forfeit her interest in the contract in question.

The decision we have reached on the notice makes it unnecessary to consider the other issue raised on this appeal concerning tender.

While our reasons differ somewhat from those of the trial court, we hold the decision reached was correct and the judgment is affirmed.

Affirmed.