Allen D. KOCH and Sandra Koch, Appellants,

v.

Marie C. KOSTICHEK, Appellee.

No. 86–965.

Supreme Court of Iowa.

July 22, 1987.

William B. Norton of Norton & Norton, P.C., Lowden, for appellants.

Clemens A. Werner, Jr. of Werner & Werner, Davenport, for appellee.

Considered by McGIVERIN, P.J., and SCHULTZ, CARTER, WOLLE and NEUMAN, JJ.

McGIVERIN, Presiding Justice.

Plaintiffs Allen and Sandra Koch appeal from the district court's dismissal of their petition for declaratory judgment seeking to enjoin defendant Marie Kostichek's forfeiture of a real estate contract between defendant and Kochs. Kochs claim that they should be eligible for the protection of the mortgage moratorium statute, Iowa Code section 654.15(2) (Supp.1985), and that Kostichek waived her right to timely contract payments. We affirm.

I. *Background facts and proceedings.* Kochs purchased a 160–acre tract of farmland on contract from Kostichek in 1980. The contract called for payments of $6,000 on the principal plus unpaid interest on the contract balance on July 1 and November 1 of each year. The contract permitted either forfeiture or foreclosure in the event of default by Kochs.

In July 1984, Kochs were unable to make their principal payment and Kostichek allowed them to make a double payment on the principal that November to bring the contract up to date. Similarly in July 1985, Kochs could not make their principal payment and indicated they would make a double payment in November 1985. The

amount due Kostichek in November 1985, including unpaid interest, was $19,800.

In October 1985, the governor of Iowa declared a state of economic emergency, pursuant to Iowa Code section 654.15(2). The governor's executive order implemented the moratorium continuance provision of section 654.15(2), allowing an owner of real estate to apply to the court for a moratorium from foreclosure proceedings on farm real estate loans. Exec. Order No. 20, Oct. 1, 1985.

Kochs failed to make the November payment. In December 1985 Kostichek's attorney notified Kochs of the possibility of forfeiture of the real estate contract if the default was not cured.

Kostichek served Kochs with notice of forfeiture of the real estate contract on February 10, 1986. Iowa Code § 656.2 (1985). Kochs filed this action for declaratory judgment on March 5, arguing (1) Kostichek waived timely payments and (2) the mortgage moratorium statute should be applied to forfeitures as well as foreclosures. Kochs also sought an injunction against completion of the forfeiture proceedings.

The district court, after trial, rejected Kochs' argument regarding the mortgage moratorium statute and dismissed their petition, also finding there was insufficient evidence to establish Kostichek waived her right to timely contract payments.

Kochs appeal from this dismissal, asserting (1) the mortgage moratorium statute, Iowa Code section 654.15(2) (Supp.1985), applies to forfeitures as well as foreclosures, (2) the moratorium statute is unconstitutional if otherwise interpreted, and (3) the evidence was sufficient to establish waiver of Kostichek's right to timely contract payments. We address these arguments in turn.

II. *Application of mortgage moratorium statute to forfeitures.* Kochs argue that Iowa Code subsection 654.15(2), providing for a continuance of foreclosure proceedings in the event the governor declares a state of economic emergency, should be construed to allow the continuance of forfeiture proceedings when an economic emergency is declared. They point out

that the courts abhor forfeitures and have strictly construed the statutory forfeiture provisions in Iowa Code chapter 656. *Jensen v. Schreck*, 275 N.W.2d 374, 386 (Iowa 1979). At the same time, a liberal construction is to be given to the remedial provisions found in Iowa Code chapter 654, they claim. *See* Iowa Code § 4.2. They also cite numerous rules of statutory construction that would assist in reaching the result they urge.

Kostichek, however, returns to a fundamental rule of statutory construction: A clear and unambiguous statute is to be construed literally, without reference to aids to interpretation. *In re Trust of Highland Perpetual Maintenance Soc'y, Inc.*, 254 Iowa 164, 172, 117 N.W.2d 57, 61 (1962); 2A N. Singer, *Sutherland Statutory Construction* §§ 46.01, 46.04, at 73–74, 86–87 (Sands 4th ed. 1984).

Kostichek then states the ways in which the statute is clear. First, chapter 656 deals with forfeiture while chapter 654 deals with foreclosure. The terms are not used interchangeably in the two chapters, in fact the word "forfeiture" is never used in the foreclosure chapter and, conversely, the word "foreclosure" does not appear in the forfeiture chapter. *See* Iowa Code chs. 654, 656 (1985). Specifically, section 654.15(2) refers exclusively to foreclosures: "In all actions for the *foreclosure* of real estate mortgages, deeds of trust of real property, and contracts for the purchase of real estate...." (Emphasis added.) Second, the governor's executive order does not refer to installment contracts or forfeitures, only to farm real estate loans and mortgagors. *See* Exec. Order No. 20.

■ The trial court noted: "Although the Plaintiffs' position has considerable emotional appeal in these times of economic crises in agriculture, the plain language of Chapter 654 ... limits its application to foreclosure proceedings." We agree with this comment. An historical review of the section also supports the trial court's conclusion. The chapter on foreclosure of real estate mortgages included the moratorium provision when the moratorium provision

was initially enacted. Iowa Code § 12383.3 (1939). A separate chapter applied to the forfeiture of real estate contracts. Iowa Code ch. 527 (1939). This state has gone through at least two periods of economic distress with these provisions in place and has witnessed an increase in the use of forfeiture proceedings, yet the legislature has not deemed it necessary to refer to the moratorium statute in the forfeiture chapter nor to amend the moratorium statute to expressly refer to forfeitures. We will not search for the meaning of a statute or apply a strained construction when its language is clear and unambiguous; therefore, we conclude, as did the trial court, that the plain language of section 654.15(2) limits its application to foreclosure proceedings.

III. *Constitutionality of section 654.-15(2).* Kochs contend that this construction of section 654.15(2) denies them the equal protection of the law, U.S. Constitution amendment XIV, section 1, and violates the privileges and immunities clauses of the United States and Iowa constitutions, U.S. Constitution amendment XIV, section 1; Iowa Constitution article I, section 6. The trial court found no merit in these contentions.

A. *Equal protection.* Against a federal equal protection clause challenge, a state statute affecting fundamental rights or a suspect class must withstand strict scrutiny to be upheld. *Stracke v. City of Council Bluffs,* 341 N.W.2d 731, 733 (Iowa 1983). When no fundamental right or suspect class is implicated, only a rational basis need be shown to validate the statute. *Id.* (A rational basis exists if the statute bears some fair relationship to a legitimate governmental purpose.).

■ The federal equal protection clause guarantees that similar individuals will be treated in a similar manner by the government. J. Nowak, R. Rotunda & J. Young, *Constitutional Law* 586 (2d ed. 1983). Persons in dissimilar situations are not required to be treated equally under the equal protection clause. *See, e.g., Stracke,* 341 N.W.2d at 734. "It is sufficient if the statutory scheme operates equally upon

those persons or classes of persons intended to be benefited." *Train Unlimited Corp. v. Iowa Ry. Fin. Auth.,* 362 N.W.2d 489, 495 (Iowa 1985).

Dissimilar situations exist when one farmer is facing foreclosure and another is facing forfeiture. In the foreclosure setting, a judgment is entered against the mortgagor or vendee for the entire amount due on the mortgage, deed of trust or installment land contract. *See* Iowa Code §§ 654.5, 654.12 (1985). The property is then sold to satisfy the judgment. *Id.* § 654.5. The property is subject to the debtor's right of redemption. Iowa Code § 628.3.

■ On the other hand, the farmer whose land is subject to forfeiture faces a much more drastic legal action. The farmer has thirty days from the service of the notice of forfeiture in which to cure the default on the contract. Iowa Code § 656.-2. If the default is not cured within thirty days, upon the filing of the notice of forfeiture with the county recorder, the forfeiture is complete. *Id.* § 656.5. The vendor is then entitled to the return of the land to which the vendee has no further rights. The vendee after forfeiture, however, no longer owes the principal balance of the contract to the vendor. A rational basis for Iowa Code section 654.15(2) exists due to the dissimilar positions of farmers facing foreclosure and those facing forfeiture of their land. We conclude that similar treatment is not required under the federal equal protection clause. *See* U.S. Const. amend. XIV, § 1.

B. *Privileges and immunities.* One commentary has noted that the privileges and immunities clause of the federal constitution protects very few rights. Nowak, Rotunda & Young, *Constitutional Law* at 414. The clause does not protect rights of state citizenship, such as property rights, but refers to uniquely federal rights, *e.g.,* the right to vote in federal elections or to enter federal lands. *Id.* We conclude that Iowa Code section 654.15(2) does not violate the federal privileges and immunities clause, because the statute does not affect

rights contemplated by the federal constitutional provision.

■ If a classification is absurd, it cannot be sustained against a state privileges and immunities clause challenge. *Berg v. Berg*, 221 Iowa 326, 331–36, 264 N.W. 821, 824–27 (1936). To offend this Iowa constitutional provision, the classification must be without a reasonable basis in fact, purely arbitrary and capricious. *Id.* at 332, 264 N.W.2d at 824.

The governor implemented the moratorium statute, Iowa Code section 654.15(2) (Supp.1985), to stabilize the Iowa economy. His primary concern, as expressed in the executive order, was to stabilize farm asset values. He indicated:

> farm asset value [has] dropped by over 50% since 1981, draining over $35 billion in wealth from Iowa; . . .
>
> this level of asset liquidation is three to four times the amount that can be handled by the market; and
>
> . . . prices received at liquidation sales are so low as to further reduce the value of collateral securing outstanding farm loans. . . .

Exec. Order No. 20, Oct. 1, 1985.

Reading section 654.15(2) to apply to foreclosures but not to forfeitures is consistent with the governor's implementation of the section. Foreclosure proceedings place large amounts of land on the real estate market. The foreclosure sale has previously been recognized as a distress sale at which the seller can expect to receive a reduced price. By placing a moratorium on foreclosures, the governor hoped to relieve depressed farmland prices and the glut on the farm real estate market by postponing distress sales for approximately one year. Placing a similar moratorium on forfeitures of farm real estate contracts would not necessarily have that effect. Forfeiture proceedings return land to the installment contract vendor who then has a number of options:

1. Retain the land and personally farm it;
2. Retain the land and rent it to another to farm; or
3. Sell the land.

The vendor is unlikely to be anxious to sell the land on the distressed market and may well keep the land, hoping to receive a higher price when land values stabilize. A moratorium in that case would not relieve any additional stress on the farm real estate market, because the vendor voluntarily would be removing that land from the market.

■ From this analysis it is clear that a reasonable basis exists for the moratorium statute's application to foreclosures but not to forfeitures. Section 654.15(2) is not arbitrary and capricious and, therefore, withstands the state privileges and immunities clause challenge.

Thus, we find no merit in any of Kochs' constitutional challenges to Iowa Code section 654.15(2).

IV. *Waiver of timely contract payments.* Kochs claim Kostichek waived her right to timely contract payments by allowing them to miss two consecutive July payments. They cite *Bettis v. Bettis*, 228 N.W.2d 193 (Iowa 1975), as controlling authority on this issue.

In *Bettis*, a mother told her son and daughter-in-law not to worry about payments on a land contract they had with the mother until they got back on their feet financially. 228 N.W.2d at 194. After the divorce of her son and daughter-in-law, the mother served a notice of forfeiture on the daughter-in-law; the notice advised the daughter-in-law that she had thirty days in which to pay two and one-half years of deferred payments. We held in the special circumstances of that case that thirty days did not give the daughter-in-law a reasonable opportunity to pay the deferred installments. *Id.* at 194–96.

■ The trial court determined, and we agree, that similar special circumstances do not exist in the present case. Here, there was no evidence of an undisputed waiver of timeliness of the contract payments. Instead, Kostichek was lenient regarding the time for payment. She allowed Kochs to delay payments until the fall harvest in two consecutive years. The first year she re-

ceived payment; the next year she did not. When Kochs failed to make the agreed $19,800 payment in November 1985, Kostichek's attorney warned Kochs of the possibility of a forfeiture of the real estate contract. Approximately sixty days after the warning, Kostichek served Kochs with the written notice of forfeiture. There was no evidence to support a contention that Kostichek attempted to entrap, deceive or mislead Kochs into missing the November 1985 payment.

We agree with the trial court's conclusion that there was insufficient evidence to show that Kostichek waived her right to timely contract payments or that Kochs received insufficient notice of forfeiture.

V. *Disposition.* In summary, we conclude that Iowa Code section 654.15(2) (Supp.1985) does not apply to forfeiture of an installment land contract, and such a construction is not violative of the federal equal protection clause or the federal or state privileges and immunities clauses. Also, there was insufficient evidence to support Kochs' waiver argument. We, therefore, affirm the trial court's dismissal of Kochs' petition for declaratory judgment.

AFFIRMED.