**WILSON CLOSE, LTD., An Iowa Corporation, Appellant,**

v.

**Michael J. CRANE, Appellee.**

**No. 91–1992.**

Court of Appeals of Iowa.

March 30, 1993.

Dell A. Richard of Bray & Richard, Iowa City, for appellant.

William L. Meardon and Charles A. Meardon of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

OXBERGER, Chief Judge.

On February 15, 1984, Wilson Close, Ltd., (Wilson) purchased by real estate contract property at 521 South Gilbert Street in Iowa City from Michael Crane. Under the contract Wilson had the responsibility to pay all taxes and to maintain insurance on the property. Wilson also had the responsibility to keep the premises in good and reasonable repair. The contract required a final balloon payment on January 15, 1989.

Crane had difficulty collecting the monthly payments from Wilson. In 1985 he hired attorney Timothy Grady to represent him in the matter. From June 1985 to December 1988 Wilson made only one payment on time, all others were delinquent. Crane initiated four forfeiture actions during this time. In each case Wilson paid the amount past due in order to avoid the forfeiture.

In November 1988, a survey was conducted of this area of Iowa City. The survey showed a difference between the legal description of 521 South Gilbert Street and the boundaries as exhibited by the existing structures. The building on this property was built in 1873 and is bound on one side by a two-foot wide wall. The property on the other side of the wall is owned by Gary Fitzpatrick and is operated as a tavern. 521 South Gilbert Street contains about eight inches of property not included in the legal description. However, this eight inches are entirely within the confines of the wall.

Wilson learned of the survey in November or December 1988. On January 10,

1989, Wilson informed Crane it was ready to pay off the contract. On January 13, Wilson informed Crane for the first time that there may be a problem with the title based on the results of the survey. Wilson did not pay the balloon payment due on January 15, 1989, or at any time thereafter. Wilson ceased paying the taxes or maintaining insurance on the property. In addition, the property has since fallen into disrepair.

Crane filed a notice of forfeiture against Wilson based on Wilson's failure to tender the final balance due under the contract. Wilson filed this separate action in equity seeking a declaratory decree determining the rights of the parties under the contract, an injunction prohibiting Crane from proceeding with the forfeiture, and damages for Wilson's failure to cure the title defects.

By the time the case proceeded to trial, an agreement had been reached with Fitzpatrick for an exchange of deeds regarding the eight-inch variance within the wall. On October 22, 1991, the district court issued a ruling which found the claim for damages based upon the perceived title problem was without merit. The court found the variance within the wall was not an encroachment such as to create a doubt as to the marketability of the title. The court also refused to issue the requested injunction.

The court denied Wilson's post-trial motion. Wilson has appealed.

■ I. This case was heard in equity. Our review is de novo. See Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. Shine v. State, 458 N.W.2d 864, 865 (Iowa App.1990). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Id.

II. Wilson contends the court erred in finding the variance here did not create a doubt as to the merchantability of the title. Wilson admits the following facts: (1) a variance existed among historic surveys; (2) the variance was entirely within the two-foot wall; (3) the wall has not been moved since 1873; (4) the physical use of the building is not affected by the variance; and (5) the variance was first established in the 1988 survey. Wilson claims even comparatively small encroachments render title unmerchantable.

■ The general rule is that merchantable title, which a vendor must furnish under an executory contract for the sale of land, must be furnished on the date required under the contract. Risse v. Thompson, 471 N.W.2d 853, 858 (Iowa 1991). A merchantable title is one which a reasonable, prudent person would accept in the ordinary course of business after being fully apprised of the facts and the applicable law. Woods v. Schmitt, 439 N.W.2d 855, 864 (Iowa 1989).

We agree with the district court's conclusion the encroachment here did not render the title unmerchantable. The evidence shows the encroachment is not substantial enough to interfere with the use and enjoyment of the premises. We find a reasonable, prudent person would accept the title in this case.

■ III. Wilson contends the district court should not have considered evidence of its defaults under the contract prior to January 15, 1989. It states that payment of the amount claimed in a notice of forfeiture terminates the right to forfeiture on that particular default.

We find the evidence of Wilson's previous defaults could be considered on the issue of the reasonableness of its objection to the title. The district court, which had the advantage of examining the witnesses firsthand, concluded that the alleged title problem was not the real reason for Wilson's failure to pay the balance under the contract.

IV. Wilson also contends the district court should have allowed it a greater time than thirty days to cure its default under the contract. Under Iowa Code section 656.4 (1991), a purchaser has thirty days after receiving notice of forfeiture to perform the terms of the contract.

██ However, the statutory notice of forfeiture is not intended to preclude the right to additional time within which to bring payments to current status in all cases. *Bettis v. Bettis,* 228 N.W.2d 193, 195 (Iowa 1975); *see also Mintle v. Sylvester,* 202 Iowa 1128, 1136, 211 N.W. 367, 372 (1926). Where the time fixed by the contract for performance is permitted to pass, both parties concurring, the time of performance thereafter becomes indefinite, and the seller may not rescind until full notice and a reasonable time for performance is given. *Janes v. Towne,* 201 Iowa 690, 694, 207 N.W. 790, 791 (1926).

In *Bettis,* a couple was purchasing property from the wife's mother. 228 N.W.2d at 194. The couple had financial difficulties, and the mother allowed them to stop making payments until their situation improved. *Id.* When the husband filed for divorce, the mother filed a notice of forfeiture. *Id.* The supreme court found that based on the mother's statements, the couple was entitled to additional time to cure the default. *Id.* at 196.

██ In the present case Crane waited for a period of nineteen months before filing a notice of forfeiture. There was no evidence Crane made any statements similar to those made by the seller in *Bettis.* Part of the reason for the delay was the fact that both parties here were involved in a suit with a third party and were enjoined in that suit from proceeding with the forfeiture. We conclude Wilson has not shown sufficient reason to extend the thirty day period for curing a default found in section 656.4.

██ V. Wilson contends the district court erred in refusing to award it monetary damages. Wilson admits it owes $64,829 under the contract. It asks for an offset of $13,185, which it alleges represents its costs and expenses related to the encroachment problem.

Wilson relies upon the case *Shell Oil Co. v. Kelinson,* 158 N.W.2d 724, 730 (Iowa 1968), which provides that a purchaser who enters into a contract in ignorance of the seller's incapacity to give him a whole estate, is generally entitled to have the contract specifically performed, as far as the seller is able. Under such circumstances, the purchaser may compel the seller to convey his defective title or deficient estate, and at the same time have a just abatement out of the purchase price for the deficiency of title to compensate for the seller's failure to perform the contract in full. *Id.*

We find the rule in *Shell Oil* does not apply where the purchaser is in default. In *United States v. Farmers Livestock Auction Co.,* 661 F.2d 1192, 1193 (8th Cir.1981), which applied Iowa law, the purchaser was in default under a real estate contract. The seller filed an action for forfeiture, and the purchaser counterclaimed for damages based on an alleged breach of the requirement to furnish merchantable title. *Id.* The court held the purchaser's claim may be barred by his own substantial default. *Id.* at 1194.

We affirm the district court on this issue.

██ VI. Finally, Wilson contends the district court decision does not sufficiently comply with Iowa Rule of Civil Procedure 179(a). This rule, in pertinent part, provides:

The Court trying an issue of fact without a jury, whether by equitable or ordinary proceedings, shall find the facts in writing, separately stating its conclusions of law; and direct an appropriate judgment.

A party is not prejudiced by a trial court's failure to make separate headings entitled "findings of fact" and "conclusions of law" where there are specific factual findings and a clear ultimate legal conclusion. *In re Estate of Bearbower,* 426 N.W.2d 392, 396 (Iowa 1988). We find the district court decision here sufficiently complies with rule 179(a).

VII. In summary, we have considered every issue raised by Wilson Close, Ltd., and find the issues to be without merit. We affirm the decision of the district court. Costs of this appeal are assessed to Wilson Close, Ltd.

**AFFIRMED.**